Industrial Commission of Ohio *v.* Rogers.

(Decided June 24, 1929.)

*Mr. Nelson Schwab,* prosecuting attorney, and *Mr. John P. Goldsberry,* for plaintiff in error.
*Mr. Wm. Thorndyke,* for defendant in error.

Hamilton, J. Defendant in error, Mary Rogers, was injured at the courthouse in Hamilton county, Ohio, while engaged in jury service. She filed her application with the Industrial Commission of Ohio, for compensation under the Workmen's Compensation Law. The Industrial Commission denied compensation, and she filed an appeal in the court of common pleas of Hamilton county, Ohio. The Industrial Commission demurred to her petition,

which demurrer was overruled, and, upon trial, the jury returned a verdict in her favor, and judgment was entered thereon. From that judgment, the Industrial Commission prosecutes error to this court.

The question for determination is whether Mary Rogers, by reason of having been injured while engaged in jury service, is within the protection of the law entitling her to share in the state insurance fund. This question involves the construction of Section 1465-61, General Code. The pertinent parts of that section are as follows:

"The terms 'employe,' 'workman' and 'operative' as used in this act [Section 1465-45 *et seq.*, General Code], shall be construed to mean:

"1. Every person in the service of the state, or of any county, * * * under any appointment or contract of hire, * * * except any official of the state, or of any county, * * *."

A juror is engaged in the service of the state and of the county. In state cases, the juror would be engaged in the service of the state. His selection and service are provided for by the Legislature, and the service is paid for out of the county funds by the county wherein the service is rendered. That service is not for contract of hire, but by appointment. The manner of the selection is familiar to the courts and the legal profession, and it is unnecessary to comment further upon the method of appointment. The service being by appointment, plaintiff would therefore be protected under the Workmen's Compensation Law, unless she is within the exception provided in the statute, to wit, "except any official of the state, or of any county, * * *."
In passing we will say that there is no rule of law by

which this question can be generally determined. The cases are practically limited to holding that certain persons filling certain positions are officials, and persons holding certain positions are not officials.

Without going into an extended discussion of the general proposition, we are of opinion that there is no description of or attribute connected with the service of a juror that fits into any situation where the person filling the position could be classified as an official.

The rule of law calls for a liberal construction of the Workmen's Compensation Law. Unless the person is clearly within the exception, the right to compensation will be upheld.

We therefore hold that a juror is not an official within the exception, and plaintiff below, being engaged in the service of the state and county by appointment, she is entitled to compensation. The judgment will be affirmed.

*Judgment affirmed.*

CUSHING, P. J., and ROSS, J., concur.