Jones, J.
 

 The plaintiff in error seeks a reversal of this case upon two grounds: (1) That there is no evidence tending to show that the accidental injury on August 27, 1924, caused or had any relation to the disease of tuberculosis which thereafter developed. (2) That the judgment for $3,000 for medical and hospital expenses, etc., was contrary to law.
 

 The greater part of the briefs of counsel is confined to the issue whether the disease of tuberculosis, from which the applicant now suffers, was caused by the lifting of heavy steel rails upon the car, as claimed by him, or whether, as claimed by the state, the plaintiff at the time of injury had the germ of tuberculosis in his body and that the present stage of his disease would have developed in any event. Those issues were presented by the court to the jury and were found in the plaintiff’s fav.or; and a majority of this court do not feel inclined to reverse the case upon the ground that the plaintiff offered insufficient evidence to support that issue.
 

 
 *454
 
 The second claim of error made by the commission presents a question of law purely, and is more difficult to dispose of. It also involves a re-examination of the case.
 
 Industrial Commission
 
 v.
 
 Rogers,
 
 122 Ohio St., 134, 171 N. E., 35. The legal question so presented is whether, on the appeal to the common pleas court, the jury by its verdict could award the plaintiff a sum exceeding $200 as additional compensation; whether, in addition to fixing his individual compensation for life, it could also award him the sum of $3,000 “as additional compensation for medical, nurse, hospital services and medicine. ” The facts which are claimed to support the additional compensation will later be alluded to. The statute, Section 1465-89, General Code, in force both at the time of the injury and at the time of the trial, reads as follows: “In addition to the compensation provided for herein, the industrial commission of Ohio shall disburse and pay from the state insurance fund, such amounts for medical, nurse and hospital services and medicine as it may deem proper, not, however, in any instance, to exceed the sum of two hundred dollars unless in unusual cases, wherein it is clearly shown that the actually necessary medical, nurse and hospital services and medicines exceed the amount of two hundred dollars, such commission shall have authority to pay such additional amounts upon a satisfactory finding of facts being made and upon unanimous approval by such commission, such finding of facts to be set forth upon the minutes; * * * and such commission shall have full power to adopt rules and regulations with respect to furnishing medical, nurse and hospital service and medicine to injured em
 
 *455
 
 ployees entitled thereto, and for the payment therefor.”
 

 It is evident that “in unusual eases” the statute lodges in the three members of the commission the sole power of fixing the amount of such additional compensation higher than the sum of $200. That this was the legislative purpose, an analysis of the statute will disclose:
 

 (1) In order to obtain such expenses the statute requires that it must be “clearly shown” to the commission that the expenses are actually necessary; the commission is required to make a “satisfactory finding of facts” respecting them. While the law requires that the proof before the commission must be clear, and their findings satisfactory, the court charged that a mere preponderance was sufficient to establish the claim for such extra expenses.
 

 (2) The clear proof and satisfactory finding required by the statute must have the unanimous approval of the three members of the commission; in other instances the appeal may be taken from the order of a majority only.
 

 (3) The law requires that the finding of facts be spread upon the minutes. The commission for its convenience will thereby have a record and history of cases which it may find to be unusual. No such record is required, nor can it be furnished, in the proceedings on appeal before court and jury.
 

 (4) The statute invests the commission with “full power to adopt rules and regulations” respecting the furnishing and payment of such medical and other expenses, thus giving it supervisory authority over them. If any construction were necessary, the foregoing provisions plainly indicate that in those
 
 *456
 
 “unusual cases” where the allowance is over $200 the Legislature safeguarded the state insurance fund from exploitation. It was to cover such cases as this one presents that such legislation was adopted. It placed careful restriction upon the state’s own agencies, requiring, not only their unanimous approval, but also a
 
 clear
 
 showing and
 
 “satisfactory finding”
 
 placed on their minutes before the commission could pay such actual expenses. Moreover ‘ ‘ ful] power” to regulate, by rule, the furnishing and payment of such expenses was confided in the commission, and in the commission only.
 

 We now allude to the facts disclosed by the record. Klaff was injured in. August, 1924. About December 1, 1924, he went to the Parkview Sanatorium at Phoenix, Arizona, staying there from December, 1924, until May, 1925, when he left for his home in Cleveland. Part of the treatment received in that sanatorium consisted of sun baths and rest cure. He testified:
 

 ‘ ‘ Q. And during that time what treatment did you ' receive out there? A. I was taking sun baths.
 

 “Q. Sun baths? A. Yes, sir.
 

 “Q. And what else? A. Taking the rest cure, what they call. Stayed in bed.”
 

 He also testified that he was under the care of physicians and nurses. He was in Cleveland about three weeks, and then in the latter part of May he went to a sanatorium located at Albuquerque, New Mexico. He stayed there from May, 1925, until September, 1927, when he went to another sanatorium called Hillcrest, also located at Albuquerque. He remained at Hillcrest sanatorium from September, 1927, until August, 1929.
 

 
 *457
 
 Lexicographers recognize a distinction between “hospitals” and “sanatorinms.” The statute prescribes that hospital services may be disbursed from the fund, but it is silent in respect to sanatorium treatment. Modern medical science and boards of public health, both national and state, strongly recommend that tubercular diseases be treated in home localities. Our own state board of public health has issued a circular entitled “If you have Tuberculosis Get Well in Ohio.”
 

 For the purpose of this case we will accept as true the following items of expense which defendant in error’s counsel claim to have been paid during this time:
 

 Doctor’s Bills........................... $590.00
 

 Drugs (average per month) $15.00........ 780.00
 

 Sanatorium expense (Phoenix)........... 325.00
 

 Sanatorium expense (Presbyterian)....... 600.00
 

 Sanatorium expense (Hillcrest).......... 720.00
 

 In addition to the foregoing amounts applicant testified that he also owed the Hillcrest sanatorium $600. Were we to adopt the contention that the defendant in error advances it would lead into a situation where, as in this case, an applicant could select the places for his cure and the instrumentalities to effect it. If he can go to Arizona and twice to New Mexico for such purpose, why may he not select Florida, or any other state, domestic or foreign, for a like purpose? In oral argument the applicant’s counsel claimed that his client can continue to select future places and instrumentalities for the cure of his disease. We do not feel inclined to so construe the statute as to permit future depletions of the state
 
 *458
 
 fund without the authority or control of the commission which has the fund in charge.
 

 This court is of opinion that the trial court erred in awarding the claimant, as additional compensation, the sum of $3,000, or any sum in excess of $200. The judgment of the trial court is hereby modified by reducing said sum of $3,000 to the sum of $200. As so modified, the judgment will be affirmed.
 

 Judgment modified and affirmed as modified.
 

 Marshall, C. J., Day and Kinkade, JJ., concur.
 

 Robinson, J., dissents.
 

 Matthias, J., favors reversal and final judgment for plaintiff in error.