17967

Mrs. Shirley B. ALLEN, Randall Keith Allen and Gary Eugene Allen, Jr., Respondents, v. PHINNEY OIL COMPANY and Greenville Transport, Inc. and Employers Mutual Liability Insurance Company, of Whom Greenville Transport, Inc. and Employers Mutual Liability Insurance Company are Appellants.

(127 S. E. (2d) 448)

174

*Messrs. O. L. Long,* of Laurens, and *Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellants.*

*Messrs. J. Perrin Anderson* and *Marvin R. Watson,* of Greenwood, *for Respondents,*

*Messrs. O. L. Long, of Laurens, and Leatherwood, Walker, Todd & Mann, of Greenville, for Appellants, in Reply,*

October 1, 1962.

TAYLOR, Chief Justice.

This is a Workmen's Compensation case.

Claimants are the widow and two minor children of Gary Eugene Allen deceased. The Hearing Commissioner found that the Industrial Commission lacked jurisdiction of the parties in that Allen when hired was not covered under the Workmen's Compensation Act and that this relationship of noncoverage under the act between the employer and employee continued until Allen's death. The Full Commission by unanimous opinion affirmed the opinion of the Hearing Commissioner. The Circuit Court reversed the Commission's finding as to jurisdiction and held that defendants, Greenville Transport, Inc., and Employers Mutual Liability Insurance Company were liable to claimants in the sum of $10,000.00.

At the time of the death of Gary Eugene Allen, June 20, 1958, his employer, George L. Phinney of Laurens, South Carolina, d/b/a Phinney Oil Company, was engaged in business as a petroleum products "jobber" distributing Phillips 66 Petroleum products. Having only three employees, the Phinney Oil Company was not subject to the provisions of the Workmen's Compensation Act.

Plaintiffs contend that Allen was initially employed by the Phinney Oil Company, Inc., hereinafter referred to as the Corporation, the President and General Manager of which was George L. Phinney. Defendants claim that Allen was

never the employee of the corporation or its successor, Greenville Transport, Inc., both of which were at one time covered by the Workmen's Compensation Act.

It is undisputed that Allen never worked for Greenville Transport, Inc.; however, the question presented is whether Allen began his employment with George L. Phinney, d/b/a Phinney Oil Company, or with the Corporation; and being jurisdictional, the findings of fact by the Commission relative thereto are not conclusive on appeal and both this Court and the Circuit Court have the power and duty to review the record and decide the jurisdictional question in accord with the preponderance of the evidence. *Miles v. West Virginia Pulp & Paper Co.*, 212 S. C. 424, 48 S. E. (2d) 26; *Watson v. Wannamaker & Wells, Inc. et al.*, 212 S. C. 506, 48 S. E. (2d) 447; *Holland v. Georgia Hardwood Lumber Co.*, 214 S. C. 195, 51 S. E. (2d) 744; *Horton v. Baruch*, 217 S. C. 48, 59 S. E. (2d) 545; *Brown v. Moorhead Oil Company et al.*, 239 S. C. 604, 124 S. E. (2d) 47.

The Corporation was formed Febuary 17, 1953, approximately 2½ years after Phinney had commenced business in his individual capacity, as Phinney Oil Company, in Laurens, South Carolina, distributing Crown Petroleum products. Phinney permitted the Corporation to use his distribution facilities in Laurens and the Corporation continued to distribute Crown products. Mr. Phinney owned approximately 30% and a Mr. Bruce approximately 70% of the Corporation. The Corporation did not have as many as 15 employees but, nevertheless, elected to come under the Workmen's Compensation Act. This was accomplished, according to the records of the South Carolina Industrial Commission, by agreement dated March 29, 1953. Said agreement was signed by George L. Phinney, as employer, and not an officer of the Corporation and was in the name of Phinney Oil Company and not in the name of the Corporation. It is agreed, however, that this was an act of the Corporation. The insurance carrier was Employers Mutual Liability Insurance Company of Wisconsin, which Company carried liability insurance in

compliance with the act from March 20, 1953, until March 20, 1958.

Allen immediately prior to his employment by George Phinney on October 5, 1957, operated a small station owned by Phinney near the distribution plant in Laurens. Mr. Phinney stated that the Crown products were sold to Allen on credit and that Allen was his own boss and did not receive a salary or commission. For approximately 1½ years prior to this, Allen operated a different station in Laurens, distributing the Corporation's Crown products. This station was owned by a third party who leased it to George Phinney. Phinney, in turn, rented it to the deceased.

Messrs. Phinney and Bruce testified that the Corporation stopped doing business October 1, 1957, due to the fact that Phinney wanted to change to Phillips 66 products and Mr. Bruce wanted to continue distributing Crown products. At that time, according to the testimony, Mr. Phinney sold out to Mr. Bruce and retained the distributing plant and acquired the service station outlets in and around Laurens, South Carolina, for his share in the Corporation. Mr. Bruce retained the "rolling stock" and formed Greenville Transport, Inc., a corporation doing business as a petroleum products "jobber" for Crown Petroleum products with offices in Greenville, South Carolina. Greenville Transport, Inc., had insurance coverage with the same carrier as the Corporation filed with the Industrial Commission in compliance with the Workmen's Compensation Act from March 7, 1958, to March 7, 1959, an overlapping of approximately 13 days with the coverage of the Corporation. This insurance was in effect on June 20, 1958, at the time of the decedent's accidental death.

Phinney testified that he d/b/a Phinney Oil Company commenced operation in his individual capacity, under contract, distributing Phillips 66 products on October 1, 1957.

Plaintiffs take the position that Allen was actually employed by the Corporation on October 5, 1957, and rely upon the case of *Holloway v. Cooley & Sons*,

208 S. C. 234, 37 S. E. (2d) 666, wherein the original employer was held to be liable to the employee when there had been a change in the ownership and the employee had not been put on notice of the change of employer. The employee is not chargeable with the legal consequences of the arrangement between the employers except as is known and approved by him. The burden of proving the relationship of employer and employee is upon the claimants.

"Before the provisions of the Workmen's Compensation Act can become applicable, the relation of master and servant, or employer and employee, or some appointment must exist. This is the initial fact to be established * * *.

"In a proceeding of this kind * * the burden of proving the relationship of employer and employee is upon the claimants, who are the father and mother of the decendent. And this proof must be made by the greater weight of the evidence * * *" *Holland v. Georgia Hardwood Lumber Co.,* 214 S. C. 195, 51 S. E. (2d) 744.

The Hearing Commissioner found, and the whole Commission affirmed upon review that the decedent, Allen, when employed October 5, 1957, was not covered by the provisions of the Workmen's Compensation Act, and that his status of non-coverage continued until his death, June 20, 1958. The testimony that Allen was never an employee of the Corporation is uncontradicted.

Plaintiffs point out that doubt exists as to the actual dissolution date of the Corporation because of testimony of Mr. Bruce in one place to the effect that the Charter was amended immediately after the dissolution and in another to that after the dissolution of the Corporation the Charter was changed. Plaintiffs also point to the testimony of Mr. Phinney to the effect that after selling his interest to Mr. Bruce on October 1, 1957, he shortly thereafter took the proper steps to amend the Charter. Such testimony when considered in relation to the issuance of the Charter on January 28, 1958, casts some doubt as to the dissolution date of the Corporation; but there

remains the uncontradicted testimony that the deceased was never an employee of the Corporation irrespective of the dissolution date.

In *Cross v. Concrete Materials et al.,* 236 S. C. 440, 114 S. E. (2d) 828, this Court stated:

"This appears to be an inadvertent confusion with the rule that the compensation law will be construed liberally in order to effect its beneficent purpose. 58 Am. Jur. 595, Workmen's Compensation, Sec. 27; 19 S. C. Digest, Workmen's Compensation, 51 *et seq.,* p. 486, *et seq.* However, our rule which is applicable to the finding of facts is that a claimant must establish by the preponderance of the evidence the facts which will entitle him to an award; the burden of proof is upon him. He cannot prevail by the resolution of doubts. *Fowler v. Abbot Motor Co.,* [236] S. C. [226], 113 S. E. (2d) 737, and cases cited. * * *"

The better rule, and that which we follow, is stated in 100 C. J. S., Workmen's Compensation, § 547 (7), pp. 602, 603, as follows:

" 'Under other authority, the rule of liberal construction of the compensation acts in favor of the employee, * * * does not dispense with the necessity of evidence to support the award, or of making proof prerequisite to recovery, does not permit a court to award compensation where the requisite proof is lacking, and does not make the rule as to the measure of proof or the sufficiency of evidence different from the rule in ordinary cases or in other civil suits, so that, despite such liberality, the facts relied on must be proved with the same certainty as in other civil cases. So, the rule of liberal construction has been held not to apply to the evidence offered, or required, to establish the claim, or to the function of the commission in hearing evidence or in resolving conflicts in the testimony, and does not operate to distort the proofs or to make the facts other than as they are. A liberal construction of the evidence cannot be substituted for failure of proof of any essential element of the claim; and the preponderance of

evidence rule has been held not to require, as a matter of law, that doubts arising from the evidence be resolved in favor of one party or the other.' "

\* \* \*

"It has been mistakenly said in one or more of our decisions (e. g., by the present writer, in *Elrod v. Wellington Mills, Inc.,* 214 S. C. 171, 51 S. E. (2d) 620) that doubt \* \* \* should be resolved in favor of compensability. That is error because it would found a conclusion of fact upon doubt whereas such finding must be upon evidence, not doubt. It is an unwarranted application of the universal rule of liberal construction of the statutes in favor of compensability. There is no sound reason for the translation of the rule of liberal construction of the law to the finding of the facts to the end that doubt with respect to the latter shall be resolved in favor of the claimant. Doubt, as the foundation of a factual finding, can hardly be distinguished from surmise, speculation and conjecture which countless cases have condemned as a substitute for facts and legitimate inferences. Conviction, not doubt, is the proper basis of a conclusion of fact. \* \* \*"

In determining jurisdictional questions, the basic purpose of the Workmen's Compensation Act is inclusion of employers and employees within its coverage and not their exclusion, and doubts of jurisdiction will be resolved in favor of inclusion rather than exclusion. See also *Adams v. Davison-Paxon Company,* 230 S. C. 532, 96 S. E. (2d) 566. However, the Courts are without authority to enlarge the meaning of the terms of the act or to extend by construction its scope so as to include persons not embraced by its terms, and one who seeks to avail himself of the act must come within its terms. *McDowell v. Stilley Plywood Company et al.,* 210 S. C. 173, 41 S. E. (2d) 872.

It is significant that Mr. Phinney informed a former employee of the Corporation of the change in status and secured other insurance on this employee. This coverage was also offered Allen who refused and chose other benefits. We have reviewed the entire record and find no evi-

dence that Allen was at any time an employee of the Corporation. Only by inference or surmise could one conclude otherwise, as the uncontradicted testimony, and therefore the preponderance of the evidence, which is controlling on the question of jurisdiction in Workmen's Compensation cases (*Brown v. Moorhead Oil Co. et al.,* 239 S. C. 604, 124 S. E. (2d) 47; *Miles v. West Virginia Pulp and Paper Co.,* 212 S. C. 424, 48 S. E. (2d) 26) requires a reversal of the Order of the Circuit Court and a reinstatement of the Order of the Commission.

The Circuit Court found that "Greenville Transport, Inc., is estopped to deny liability, having created, or allowed to be created, an appearance that the employment status of the deceased had not changed." The deceased employee was never within the coverage of the act and jurisdiction cannot be acquired by the Commission by estoppel, *Carter v. Associated Petroleum Carriers,* 235 S. C. 80; 110 S. E. (2d) 8.

For the foregoing reasons, we are of opinion that the Order of the Circuit Court must be reversed and the finding of the Commission reinstated and It Is So Ordered. Judgment Reversed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.