18192

Lurean WHITE and Aaron Eugene White, age less than one year, Unborn Child, Rspondents, v. J. T. STRAHAN Company and/or Marvin Jones and Georgia Casualty and Surety Company, Appellants.

(135 S. E. (2d) 720)

*Messrs. Lewis C. Trice,* of Columbia, and *Luke N. Brown, Jr.,* of Ridgeland, *for Appellants,*

*Messrs. Walker & McKellar,* of Ridgeland, *for Respondents,*

April 6, 1964.

Moss, Justice.

This case arose under the South Carolina Workmen's Compensation Act. Section 72-1 *et seq.,* Code of 1962. It is an appeal from the order of the Circuit Court affirming an opinion and award of the South Carolina Industrial Commission, which ordered the payment of compensation to the dependent wife and children, the respondents herein, for the death of one Eugene White.

The said Eugene White was employed by Marvin Jones and died on November 22, 1962, as the result of an accident which arose out of and in the course of his employment while employed by the said Jones. At that time Jones was engaged in logging operations and had in his employ less than fifteen employees.

Jones was known in the trade as a pulpwood producer and he owned his equipment and employed three laborers, including Eugene White. J. T. Strahan Company is a pulpwood dealer or broker and acquires logs and pulpwood by purchasing tracts of standing timber from various and sun-

dry landowners and, hereafter, from said tracts the logs and pulpwood would be cut and delivered to Strahan by a "producer" of which Marvin Jones was one of Strahan's thirty-two producers in South Carolina.

Brunson Lumber Company of Hampton, South Carolina, purchased from one Rivers the logs upon a three or four acre tract of land. Jones was to cut the logs upon the said tract and deliver same to Brunson for a stipulated price per thousand feet. The pulpwood from said tract was to go to Strahan. Jones, with his equipment and employees, moved onto the Rivers tract on Saturday, November 17, 1962, and cut logs and pulpwood thereon "to have a start for Monday morning" The logs were to be delivered to Brunson and the pulpwood to Strahan. On Monday morning, November 19, 1962, a load of logs cut from the aforesaid tract was hauled by Eugene White to the Brunson Mill and, while delivering such logs on its yard, White was accidentally injured and his death resulted therefrom on November 22, 1962. Had White not been injured in delivering the logs to Brunson, the next load he would have hauled would have been the pulpwood from the "tops" or "laps" and such would have been delivered in Savannah to Strahan.

The testimony shows that at the end of each week Jones would make a settlement with Strahan for the pulpwood delivered, deducting from the settlement the amount due by Jones for workmen's compensation insurance on his employees. It further appears from the testimony that Jones paid to Strahan workmen's compensation insurance at the rate of 41¢ per thousand feet for the logs delivered by him to Brunson. The amount paid by Jones to Strahan for the week ending November 24, 1962, for workmen's compensation was $8.32 and the check representing such payment was marked "log w. c. and w. e." The aforesaid payment by Jones to Strahan was subsequently remitted by Strahan to his compensation carrier, Georgia Casualty & Surety Company. A representative of the carrier admitted

the aforesaid remittance and testified that it was not called to the company's attention that this premium covered "an operation outside of the J. T. Strahan operation." There is no testimony that the carrier returned or tendered a return of the aforesaid premium to Jones or Strahan.

Georgia Casualty & Surety Company, on March 13, 1962, issued its standard Workmen's Compensation and Employers' Liability Policy to J. T. Strahan Company, which said policy insured Jones, by name, for workmen's compensation while acting as a producer and while cutting for J. T. Strahan & Company. It is admitted that the aforesaid policy was in effect on November 19, 1962, and such policy had been properly filed with the Industrial Commission. It is also admitted that had the accident happened while Jones was producing for Strahan, the policy would have covered him.

It is the position of the appellants that the South Carolina Industrial Commission did not have jurisdiction to hear and determine this case, involving the death of Eugene White, who lost his life while working for Marvin Jones, for the following reasons: (1) that the employer was engaged in logging operations or work incidental thereto which is exempt employment under Section 72-107(4) of the Code; (2) that at the time of his death Marvin Jones had —less than fifteen employees which is excepted employment under Section 72-107(2) of the Code; (3) that these exceptions were never waived by Marvin Jones as is provided under Section 72-109 of the Code; (4) that Marvin Jones was not a sub-contractor of Strahan so as to make that company or its insurer liable under Section 72-111 of the Code; and (5) that there was no evidence in the record sufficient to support a finding that Marvin Jones as a producer was cutting for Strahan at the time White was injured so as to include Jones as an insured under the terms of the policy issued by the Georgia Casualty & Surety Company.

Ordinarily, finding of fact by the Industrial Commis-
■■ based upon competent evidence are conclusive on ap-
peal but in determining whether or not the commision
had jurisdiction of the claim presented, this Court is not
bound by a finding of fact by the commision. This Court,
and the Circuit Court, has both the power and duty to re-
view the entire record and find therefrom the jurisdictional
facts, without regard to the conclusion of the commission
on such issue, and will decide the jurisdictional question
in accord with the preponderance of the evidence. In deter-
mining such jurisdictional questions, it must be kept in mind
that the basic purpose of the Workmen's Compensation
Act is the inclusion of employers and employees within
its coverage and not their exclusion, and doubts of juris-
diction will be resolved in favor of inclusion rather than
exclusion. However, a construction should not be adopted
that does violence to the specific provisions of the Act.
*Brown v. Moorhead Oil Company*, 239 S. C. 604, 124
S. E. (2d) 47; *Pyett v. Marsh Plywood Corporation*, 240
S. C. 56, 124 S. E. (2d) 617.

It is true that at the time of the injury and death of
Eugene White, that Marvin Jones had regularly employed
in his services less than fifteen employees and was engaged
in logging and pulpwood operations and work incident
thereto, which exempted him from the mandatory provi-
sions of the Act. Section 72-107(2) and (4) of the Code.
However, any such employer may voluntarily elect to be
bound by the Act as is provided by Section 72-109 of the
Code. It is obvious that the Legislature intended to allow
both the exempted employer and employee to come in under
the terms of the Act. *Ham v. Mullins Lumber Company*,
193 S. C. 66, 7 S. E. (2d) 712.

The record here shows that on March 13, 1962, Georgia
Casualty & Surety Company issued a workmen's compen-
sation policy and filed such with the South Carolina In-
dustrial Commission covering, for a period of one year,
Strahan Company as the principal insured and including

Marvin Jones as an insured while acting as a producer and while cutting for Strahan. Such policy was endorsed to the effect that it was applicable and in force in South Carolina, under the terms of our compensation Act, and contained a "contractors or sub-contractors endorsement" providing for the employer's liability for compensation to employees of contractors or sub-contractors performing work for the employer. This endorsement further provided for the payment of a premium at rate or rates applicable to the trade, business, profession or occupation undertaken by such contractors or sub-contractors. The schedule of operations attached to and forming a part of said policy provides for coverage for "logging or lumbering—pulpwood exclusively—including transportation of logs to mill; construction, operation, maintenance or extension of logging roads or railroads; drivers."

It is conclusive from the record that at the end of each week when Jones made a settlement with Strahan for pulpwood delivered, a deduction was made by Strahan for the amount due by Jones for workmen's compensation insurance on his employees. The record further shows that Strahan received and remitted to its carrier a premium for workmen's compensation insurance covering wages paid in delivering logs by him to Brunson. We think that obtaining of workmen's compensation insurance and the filing of the notice thereof with the commission constituted substantial compliance with the Act and sufficiently evidenced the election of Jones to voluntarily come within its terms. We have held that substantial compliance with the statute is sufficient to bring an exempt employer within the terms of the compensation law. *Yeomans v. Anheuser-Busch, Inc.*, 198 S. C. 65, 15 S. E. (2d) 833, 136 A. L. R. 894. There is no evidence whether Jones had notified White of his election to come within the compensation Act. In the absence of such, it will be presumed that the employer complied with the law and notified the employee of such election. In this connection, attention is called to what was said in *Ham v. Mullins Lumber Co., et al.*,

193 S. C. 66, 7 S. E. (2d) 712: "However, even if it were true that such notice was not given, defendants could not plead as a defense to the claim of decedent's heirs after his death their own failure to perform their duty to him under the law."

Even though Jones, who had only three employees, was presumptively excluded from the provisions of the compensation Act, we conclude from the record before us that he elected to come under the terms thereof and to subject himself to the liabilities of said Act.

The appellants charge that the Industrial Commission had no jurisdiction in this proceeding and should have dismissed the case because at the time of the accident, resulting in the death of White, he was an employee of Jones, and the said Jones was not a subcontractor of Strahan so as to make that company, or its insurer, liable under Section 72-111 of the Code. This exception is without merit for the reason that neither the Commission nor the Circuit Court held that White was a statutory employee of Strahan under the provisions of Section 72-111 of the Code.

The final question for determination is whether there was sufficient evidence to support a finding that Jones was, at the time of the accident, covered by a policy issued by Georgia Casualty & Surety Company. It should be remembered, as is heretofore stated, that Jones, as a producer, was an insured under the aforesaid policy "while" cutting for Strahan.

The word "while" has been defined as meaning "as long as", "at the same time", and "at or during which time". *Burke v. Life Ins. Co. of Georgia,* 104 Ga. App. 865, 123 S. E. (2d) 426. The word "while" indicates a space of time. *Lumber Mut. Cas. Ins. Co. v. Stukes,* D. C., 72 F. Supp. 463.

The conclusion is inevitable that the cutting of standing timber by Jones was one operation that produced logs for Brunson and pulpwood for Strahan. In

order for Jones to produce pulpwood for Strahan it was necessary for him to produce logs for Brunson. The evidence shows that the entire operation of Jones was essential to the production of pulpwood for Strahan. Pulpwood was produced by Jones for Strahan while and during the period of time he was cutting standing timber on the Rivers tract of land. White was injured and lost his life while engaged in work which was incidental and necessary to the production of pulpwood by Jones for Strahan.

We think it is logical to conclude that there is ample evidence in the record to justify the Industrial Commission in finding that White, while an employee of Jones, sustained injuries by accident, resulting in his death, which arose out of and in the course of his employment. We further conclude that the evidence sustains the finding that the injury to and the death of White occurred during the period of time that he was employed by Jones and while the said Jones was a producer and cutting for Strahan. It follows that since Jones was an insured under the policy here involved that White was covered by the policy issued by Georgia Casualty & Surety Company.

The exceptions of the appellants are overruled and the judgment below is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.