18352

David ADDISON, Respondent, v. DIXIE CHEVROLET COMPANY
and Royal Indemnity Company, Appellants

(142 S. E. (2d) 442)

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, *for Appellants,*

*Messrs. Yarborough & Nettles,* of Florence, *for Respondent,*

May 24, 1965.

LIONEL K. LEGGE, Acting Justice.

On June 8, 1960, respondent was seriously burned by accident arising out of and in the course of his employment in an automobile body shop on the premises of Dixie Chevrolet Company in the City of Florence, South Carolina. His claim for benefits under the Workmen's Compensation Act was allowed by the Hearing Commissioner, whose award was affirmed by a majority of the Full Commission. This appeal is from a circuit court order affirming the Commission's award.

Appellants state the questions involved as follows:

"1. Did the Industrial Commission make proper findings of fact?

2. Did the lower court give proper consideration to the record in determining that the South Carolina Industrial Commission had jurisdiction of this claim?

3. Was the respondent an employee of appellant Dixie Chevrolet Company?"

In 1951 Mr. O. D. Smith and others formed a corporation under the name of Dixie Chevrolet, Incorporated, which purchased the Chevrolet dealership in Florence and thereafter operated it until September 1, 1959, when Mr. Smith bought out the stock of his associates and formed a new corporation under the name of Dixie Chevrolet Company, of which he was, and is, the President and principal stockholder. As an integral part of its business, in connection with its sales and mechanical departments, Dixie Chevrolet, Incorporated, operated on the same premises a body shop, its foreman being Mr. Frank Burn. Shortly after the transfer of ownership from Dixie Chevrolet, Incorporated, to Dixie Chevrolet Company, Mr. Smith decided to close out the operation of the body shop, which had been unprofitable;

and for a period of less than thirty days body work was discontinued, the shop continuing in use for other purposes, such as greasing and cleaning cars. During that period Burn worked in the parts department. On October 1, 1959, Dixie Chevrolet Company and Burn entered into an oral agreement whereby it was agreed that Burn would take over the body shop and operate it himself, paying to Dixie Chevrolet Company a monthly rental of two hundred dollars for the use of the portion of the premises occupied by the body shop, including the equipment, other than a wash rack, a grease rack and a clean-up stall, which Dixie Chevrolet Company reserved for its own use. It was agreed between them that Burn would do all new car warranty work at "flat rate labor"; that all parts used on the warranty jobs would be "at net or furnished by Dixie Chevrolet Company"; and that on all work on used cars owned by Dixie Chevrolet Company Burn would allow a discount of twenty-five per cent on parts and fifteen per cent on labor, unless otherwise agreed upon on any particular job.

Dixie Chevrolet Company employed more than fifteen persons; its workmen's compensation carrier was Royal Indemnity Company. Burn, operating the body shop under the name of Dixie Body Shop, employed fewer than fifteen persons, and was not so covered.

Respondent, a young and practically illiterate Negro, was employed by Burn in June, 1956, as a helper in the body shop of Dixie Chevrolet, Incorporated. During the brief interval in September, 1959, when actual body work was discontinued, respondent was not discharged or laid off, but continued to work in the body shop, and he continued to do so after Burn took over its operation. During the whole period of his employment, from June, 1956, to the time of his injury in June, 1960, he did substantially the same work, in the same place, and under the same "boss", Mr. Burn, who had hired him in the first place and who regularly handed him his pay check throughout the entire period of his employment. His testimony that he could

write a little but could not read is corroborated by that of Dr. J. G. Sylvester, who attended him during his hospitalization of more than eight months. ·

Appellants' contention of non-employment rests upon the corporate transactions before mentioned, and specifically the oral lease under which the body shop operation was taken over by Burn and as the result of which respondent's employment by Dixie Chevrolet Company was terminated on that company's records and, it is contended, his protection under the Workmen's Compensation Act as an employee of that company was destroyed.

Unless respondent understood and agreed to the new employer-employee relationship resulting from the agreement between Dixie Chevrolet Company and Burn concerning the operation of the body shop, his rights under the Workmen's Compensation Act were not impaired thereby. *Holloway v. G. O. Cooley & Sons,* 208 S. C. 234, 37 S. E. (2d) 666. The issue was one of fact; and there was ample evidence to sustain the finding of the Hearing Commissioner, affirmed by the Full Commission, that respondent was not aware of the oral arrangement between Dixie Chevrolet Company and Burn before mentioned, and that so far as he knew or· understood he was on June 8, 1960, in the same employment, under the same employer, as before.

Appellants' statement of the second of the "Questions Involved" is, on its face, too indefinite for consideration. But from the discussion of it in their brief it appears to be intended to impute error on the part of the circuit judge in holding that he was bound by the factual findings of the Commission and in therefore limiting his review of the award to determination of whether there was any competent evidence to sustain it, whereas he should have considered all of the evidence and drawn his own conclusion therefrom because the issue was, under the evidence, whether the Commission had jurisdiction of the case.

Where the Commission's jurisdiction is challenged ■ upon the ground that the employer is not subject to the provisions of the Workmen's Compensation Act, the court is not bound by the Commission's findings of fact upon which its jurisdiction is dependent; the court has both the power and the duty to consider all of the evidence in the record and reach its own conclusion therefrom as to the jurisdictional issue. *Watson v. Wannamaker & Wells,* 212 S. C. 506, 48 S. E. (2d) 447, where interpretation of a contract of employment was involved; *Pyett v. Marsh Plywood Corporation,* 240 S. C. 56, 124 S. E. (2d) 617, and cases there cited, where the issue was whether under a contract between a timber manufacturer and a logger an employee of the latter was a statutory employee of the former, Code, 1962, Section 72-111; and *Bridges v. Wyandotte Worsted Co.,* 243 S. C. 1, 132 S. E. (2d) 18, where the question arose in a common-law tort action.

In the case at bar there was no factual issue upon ■ which the Commission's jurisdiction, in the true sense of the word, depended. It is not disputed that the respondent was an employee of Dixie Chevrolet Company and protected under its workmen's compensation coverage at the time when Burn, its body shop foreman, took over the shop under the oral agreement before mentioned and proceeded to operate it himself, and that respondent's employment in the body shop, which had commenced under Burn more than three years before, continued without interruption thereafter. Interpretation of the agreement between Dixie Chevrolet Company and Burn is not involved; whether or not respondent was a statutory employee is not involved. The seriousness of respondent's injury was not questioned, nor was the fact that those injuries were occasioned by accident arising out of and in the course of his employment. The vital, and single, factual issue was whether respondent knew of and consented to the new employer-employee relationship resulting from the takeover of the body shop by Burn under the oral agreement

before mentioned. The issue was not jurisdictional; its determination by the Commission, being adequately supported by the evidence, was conclusive. *Holloway v. G. O. Cooley & Sons, supra.*

We find no merit in the contention, sought to be raised under the first of appellants' "Questions Involved", that the Commission did not make proper findings of fact.

Affirmed.

TAYLOR, C. J., and Moss, LEWIS and BUSSEY, JJ., concur.