24123

David WILSON, Jr., Claimant, Respondent v. GEORGETOWN COUNTY, Employer, and State Workers' Compensation Fund, Carrier, Appellants.

(447 S.E. (2d) 841)

Supreme Court

*Helen T. McFadden,* of *Jenkinson, Jenkinson & McFadden,* Kingstree, *for appellants.*

*Steven P. Essley* and *John M. Leiter,* Myrtle Beach, *for respondent.*

Heard Jan. 5, 1994.

Decided July 18, 1994.

FINNEY, Justice:

In this Workers' Compensation matter, Georgetown County appeals the circuit court finding that David Wilson was an employee of Georgetown County. We affirm.

## FACTS

Respondent Wilson reported for jury duty in Georgetown County. During *voir dire*, respondent informed the presiding judge that due to his religious beliefs as a Jehovah's Witness, he could not sit on a jury and sit in judgment of others. The trial judge declined to excuse Wilson, but informed him that he would find alternate work for Wilson to do. Subsequently, the trial judge met privately with Wilson. The trial judge asked Wilson if he would be willing to serve in some other capacity. Wilson responded affirmatively.

The following morning, Wilson reported to the Clerk of Court to begin his alternate service which consisted of janitorial work. While washing the outside court windows, Wilson slipped and fell from a ladder. As a result, he suffered an injury to his back.

Wilson filed a claim with the Workers' Compensation Commission (Commission) for temporary total benefits. Georgetown County denied coverage because Wilson was not considered an employee since he was serving as a juror at the time of the accident. The single commissioner found that the Commission had jurisdiction to hear the matter and Wilson was a County employee performing alternate service. The Full Commission reversed the single commissioner, ruling that the Commission lacked jurisdiction. The circuit court reversed the Full Commission and ruled that Wilson was an employee and therefore the Commission had jurisdiction. This appeal follows.

## ANALYSIS

Georgetown County initially asserts that the circuit court erred by substituting its judgment for that of the Commission as to the weight of the evidence on questions of fact. Judicial review of a Workers' Compensation decision is governed by the substantial evidence rule of the Administrative Procedures Act. S.C. Code Ann. § 1-23-380(g)(5)

(1986); *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981). However, when the Commission's jurisdiction is at issue, as in this case, the reviewing court is not bound by the Commission's findings of fact upon which jurisdiction is dependent. *McLeod v. Piggly Wiggly Carolina Co.*, 280 S.C. 466, 313 S.E. (2d) 38 (1984); *Addison v. Dixie Chevrolet Co.*, 246 S.C. 86, 142 S.E. (2d) 442 (1965). Therefore, the circuit court applied the proper standard of review.

■ Next, the County asserts that there was no subject matter jurisdiction in this case because Wilson was not an employee of the county at the time of the accident. In determining jurisdictional questions, doubts of jurisdiction will be resolved in favor of inclusion of employees within workers' compensation coverage rather than exclusion. *White v. J.T. Strahan Co.*, 244 S.C. 120, 135 S.E. (2d) 720 (1964).

■ Georgetown County contends that Wilson was a juror and not an employee of the county. The majority rule is that a juror is not within the scope of workers' compensation laws. *See Yount v. Boundary County*, 118 Idaho 307, 796 P. (2d) 516 (1990); *Hicks v. Guilford County*, 267 N.C. 364, 148 S.E. (2d) 240 (1966); *Industrial Commission of Ohio v. Rogers*, 122 Ohio St. 134, 171 N.E. 35 (1930), *aff'g* 34 Ohio App. 196, 170 N.E. 600 (1929), *rev'd on other grounds*, 123 Ohio St. 451, 175 N.E. 697 (1931). Notwithstanding, we find that this case is distinguishable because Wilson was not serving as a juror at the time of his injury. Rather, he was performing alternate work in lieu of jury service.

Under the workers' compensation statute, an "employee" is a person engaged in employment under an appointment. S.C. Code Ann. § 42-1-130 (Supp. 1993). It is clear from the record, that the trial judge directed Wilson to perform alternate services and the clerk of court controlled and directed respondent's maintenance work in lieu of jury service. Wilson was not acting in the capacity of a juror at the time of his accident, but was performing labor for the benefit of the county. Accordingly, under the specific facts of this case, we find that claimant is entitled to workers' compensation benefits.

Affirmed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.