646 S.E.2d 143

Dwight OXENDINE, Respondent,

v.

Christine DAVIS, d/b/a Johnny Davis Construction Company, Employer, and Travelers Property & Casualty Co. of America, Carrier, Appellants.

No. 26331.

Supreme Court of South Carolina.

Heard Nov. 15, 2006.
Decided May 21, 2007.

F. Reid Warder, Jr., and Jason A. Williams, both of Wood, Porter & Warder, of Charleston, for Appellants.

James C. Rushton, III, of the Hyman Law Firm, of Florence, for Respondent.

Chief Justice TOAL.

In this workers' compensation case, the single commissioner determined that the South Carolina Workers' Compensation Commission ("the Commission") had jurisdiction over Dwight Oxendine's ("Respondent's") workers' compensation claim because his employment was located in South Carolina. This ruling was affirmed on appeal. Respondent's employer, Christine Davis d/b/a Johnny Davis Construction Company, and the employer's insurance carrier (collectively "Appel-

lants") argue this conclusion was incorrect. We disagree and affirm the circuit court's decision.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent was injured in an accident arising out of his employment with Johnny Davis Construction Company ("Employer"). Respondent resided in Rowland, North Carolina. During the four to six years preceding his injury, Respondent framed houses for Employer during warm months and performed sheetrock work for other employers during cold months. Employer was based at a home/office in Mullins, South Carolina, and nearly all of Respondent's work for Employer was performed in South Carolina. Respondent was most often paid by Employer while at jobsites, but Respondent occasionally went to Employer's home office in Mullins to receive payment. Respondent often received work assignments at Employer's home office and was always accountable to Employer.

In the spring of 2004, Respondent ran into Employer at a barbeque in North Carolina. Employer offered him a job framing a house in Ocean Isle, North Carolina. Respondent started work the following Monday and was injured six weeks later when he fell and sustained an ankle fracture which required surgery. Employer took Respondent to the emergency room, and then transported him to Employer's home in Mullins.

During the six-week period prior to his injury, Respondent worked only on the house in North Carolina. Respondent's co-worker transported him to and from his residence and the jobsite, both located in North Carolina. However, Respondent visited Employer's home in South Carolina for social purposes and to help Employer fix his water pump, a task for which Respondent was not paid. Respondent also traveled to Employer's home to receive payment at least once during this period.

Respondent filed a workers' compensation claim in North Carolina and was denied coverage. Respondent then filed for medical and compensation benefits under the South Carolina

Workers' Compensation Act.[1] Appellants denied entitlement to benefits. At a hearing before the single commissioner, the primary issue was whether Respondent met the statutory requirement for filing a worker's compensation claim in South Carolina; specifically, whether Respondent was hired in South Carolina, injured in South Carolina, or whether his employment was located in South Carolina. *See* S.C.Code Ann. § 42–15–10 (1976).

Both parties agree that Respondent was hired and injured in North Carolina. The parties disagree, however, on the location of Respondent's employment. Respondent argued the Commission had jurisdiction because his employment was located in South Carolina. The single commissioner agreed. Both the full commission and the circuit court affirmed, and this appeal followed. We certified this case for review pursuant to Rule 204(b), SCACR, and Appellants raise the following issue for review:

Did the circuit court err in affirming the Commission's holding that Respondent's employment was located in South Carolina?

## *STANDARD OF REVIEW*

Appellate review of workers' compensation decisions is governed by the Administrative Procedures Act. *Shealy v. Aiken County,* 341 S.C. 448, 454, 535 S.E.2d 438, 442 (2000); *see also Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981). The Full Commission is the ultimate fact finder. *Shealy,* 341 S.C. at 455, 535 S.E.2d at 442. Under S.C.Code Ann. § 1–23–380(A)(5) (Act. No. 387, 2006 S.C. Acts 387, eff. July 1, 2006), a reviewing court determines whether the Full Commission's findings of fact are supported by substantial evidence in the record and whether the panel's decision is affected by an error of law. *Baxter v. Martin Bros., Inc.,* 368 S.C. 510, 513, 630 S.E.2d 42, 43 (2006).

When the Commission's jurisdiction is at issue, this Court's review is governed by a preponderance of the evidence standard. *Gray v. Club Group, Ltd.,* 339 S.C. 173, 181, 528 S.E.2d 435, 439 (Ct.App.2000); *see also Wilson v. Georgetown County,* 316 S.C. 92, 94, 447 S.E.2d 841, 842 (1994) ("[W]hen

---

1. S.C.Code Ann. §§ 42–1–10 to 42–19–50 (1976 & Supp.2005).

the Commission's jurisdiction is at issue, as in this case, the reviewing court is not bound by the Commission's findings of fact upon which jurisdiction is dependent."). "In determining jurisdictional questions, doubts of jurisdiction will be resolved in favor of inclusion of employees within workers' compensation coverage rather than exclusion." *Wilson,* 316 S.C. at 94, 447 S.E.2d at 842 (citing *White v. J.T. Strahan Co.,* 244 S.C. 120, 135 S.E.2d 720 (1964)).

## *LAW/ANALYSIS*

■ Appellants argue the Commission did not have jurisdiction because Respondent's employment was located in North Carolina. We disagree.

■ An employee covered by the provisions of the South Carolina Workers' Compensation Act is authorized to file his claim under the laws of the state where he is hired, the state where he is injured, or the state where his employment is located. S.C.Code Ann. § 42–15–10 (1976). In order to determine where a claimant's employment is located, South Carolina has adopted the "base of operations rule." *Voss v. Ramco, Inc.,* 325 S.C. 560, 482 S.E.2d 582 (Ct.App.1997); *Holman v. Bulldog Trucking Co.,* 311 S.C. 341, 428 S.E.2d 889 (Ct.App.1993). Under the base of operations rule, "the worker's employment is located at the employer's place of business to which he reports, from which he receives his work assignments, and from which he starts his road trips, regardless of where the work is performed." *Holman,* 311 S.C. at 346, 428 S.E.2d at 892 (citing *Holland v. W.C.A.B. (Pep Boys),* 137 Pa.Cmwlth. 22, 586 A.2d 988 (1990)).

In *Holman,* our court of appeals held a truck driver's employment was located in Georgia. The driver resided in South Carolina and worked out of a flatbed trailer terminal in Savannah, Georgia. *Id.* at 343, 428 S.E.2d at 890. The driver was both hired and injured in Georgia. The driver argued that under § 42–15–10, an employee's employment could be located in more than one state when the employee travels into other states and conducts substantial business there. *Id.* at 345, 428 S.E.2d at 892. The court disagreed and held the driver's employment was located in Georgia because that is where the driver "reported to his employer's place of business for duty, where he picked up and returned his company truck,

where he received his work assignments and from which he was dispatched, where he called in during the course of his work, and where he returned weekly when he had completed his work." *Id.* at 346–47, 428 S.E.2d at 893.

In *Voss*, the court of appeals held a traveling salesman's employment was located in South Carolina. The salesman, a Texas resident, was hired in Dallas by a representative for a South Carolina company. *Voss*, 325 S.C. at 563, 482 S.E.2d at 583. The company shipped equipment to the city in which the salesman was located and the salesman would negotiate sales requiring him to call the company office in South Carolina two to five times a day. *Id.* at 564, 482 S.E.2d at 584. The salesman was paid by either retaining a portion of the sales price or by receiving payment sent by the company. *Id.* at 565, 482 S.E.2d at 584. The salesman never sold equipment in South Carolina and traveled to this State only once. *Id.* He was injured in Washington.

The *Voss* analysis was based on *Holman*'s proposition that the employee's place of employment can only be in one state. *Id.* at 570, 482 S.E.2d at 589. The court distinguished *Holman* because it applied the base of operations rule in order to fit "neatly within the employment ritual of the employee truck driver in that case." *Id.* Under the *Holman* base of operations analysis, the *Voss* salesman would have no place of employment because he did not report to any place of business, nor did he receive work assignments from a particular place, or start his road trips from a particular locale. In light of the legislature's intent to broaden the South Carolina Workers' Compensation Act by amending S.C.Code Ann. § 42–15–10 in 1974,[2] the court reasoned that a person's employment must be located in some state. *Id.* at 572, 482 S.E.2d at 588. The court determined the *Voss* salesman was principally employed in South Carolina because it was the only

---

2. Prior to the 1974 amendment to § 42–15–10, an employee injured outside the State could file a claim in South Carolina only if (1) his contract of employment was made in this State; (2) the employer's place of business was in this State; (3) the employee's residence was in this State; and (4) the contract of employment was for services to be performed not exclusively outside this State. The amended statute liberalizes the requirements by making the conditions for filing alternative rather than conjunctive. *See Holman,* 311 S.C. at 345, 428 S.E.2d at 891–92.

state in which he had any base of operation. *Id.* The court noted that although this situation did not fit squarely within the base of operations test, South Carolina was the state where the salesman was employed considering the high degree of control exerted over him by his superiors who were located in South Carolina. *Id.*

Like the Voss salesman, Respondent's situation does not fit squarely within the base of operations test. Respondent received his work assignment in North Carolina and began his road trips from his North Carolina residence. His work-related contact with Employer's South Carolina home/office was limited during the six-week employment period prior to his injury. Despite this, we believe the following factors are illustrative: (1) Respondent regularly worked for Employer in South Carolina during warm months for a number of years; (2) Respondent went to Employer's home/office in South Carolina on occasions to be paid, including at least once during the last interval of his work; (3) Respondent often met co-workers at the place of employment to go to jobs; and (4) Respondent performed work at Employer's home immediately before his injury. Respondent was also taken back to Employer's home/office in South Carolina immediately following his injury. Although none of these factors are individually determinative, they all lend support to the conclusion that South Carolina was the location of Respondent's employment. This conclusion is underscored by the amount of control exerted over Respondent by Employer who was located in South Carolina. *See Voss,* 325 S.C. 560, 482 S.E.2d 582.

In reaching this conclusion, we look not only at Respondent's six-week employment term, but also at his broad employment history with Employer. Respondent's regular and recurring employment with Employer for several years prior to his injury was nearly entirely based in South Carolina. The fact that Respondent was working in North Carolina on this particular occasion does not transport the Employer's base of operations from South Carolina to North Carolina.

Appellants contend the base of operations rule does not apply to this case because Respondent is not a transient worker like the truck driver in *Holman* or the salesman in *Voss.* We disagree. This case presents a classic example of nomadic employment. Respondent, an itinerant construction

worker, did not work at a single location. Rather, he traveled to jobsites wherever he was needed.

Appellants also argue that if the base of operations rule applies, the relevant base of operation was North Carolina because it is the employee's base, and not the employer's base, that should be considered. Appellants' reasoning directly contradicts both *Voss* and *Holman;* cases which apply the base of operations rule to determine the location of nomadic employment based on the employer's place of business, "regardless of where the work is performed." *Holman,* 311 S.C. at 346, 428 S.E.2d at 892. In the instant case, Employer clearly operated his business out of his home in South Carolina. Therefore, Employer's base of operation was in South Carolina.

## CONCLUSION

Applying the base of operations rule, we find Respondent's location of employment was South Carolina. Therefore, we hold that the South Carolina Workers' Compensation Commission has jurisdiction over Respondent's workers' compensation claim. The decision of the circuit court is affirmed.

MOORE, WALLER, PLEICONES, JJ., and Acting Justice G. THOMAS COOPER, concur.