THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.

 
 
 
 THE STATE OF SOUTH CAROLINA
 In The Court of Appeals
 William
 Kissiah, Plaintiff,
 v.
 Respiratory Products,
 Inc., Employer and Bridgefield Casualty Ins. Co., Carrier, Employment
 Staffing, Inc., Companion Property & Casualty Insurance Company, Defendants,
 of whom
 Respiratory Products, Inc., Employer and Bridgefield Casualty Ins. Co.,
 Carrier are the Appellants,
 and  William
 Kissiah and Employment Staffing, Inc., Companion Property & Casualty
 Insurance Company are the Respondents.
 
 
 

Appeal From Anderson County
 Alexander S. Macaulay, Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-293
Submitted June 1, 2008  Filed June 5,
 2008   
AFFIRMED

 
 
 
 Roy Allen Howell, III, of Mt. Pleasant, for Appellants.
 Amy V. Cofield, of Lexington and T. Lowndes Pope,  of Columbia, for Respondents.
 
 
 

PER CURIAM:  Respiratory Products, Inc., Employer,
 and Bridgefield Casualty Ins. Co., Carrier (collectively RPI) appeal the
 circuit courts affirmance of the Workers Compensation Commissions
 determination that RPI was liable for William Kissiahs claim.[1] 
FACTUAL/PROCEDURAL
 BACKGROUND
The
 only issue in this appeal is whether RPI remained liable for Kissiahs workers
 compensation claim after it contracted with Employment Staffing, Inc. (ESI), an
 employee leasing company.  On May 12, 2003, Kissiah was injured while working
 in RPIs Anderson office.  Shortly before his accident, RPI had entered into an
 agreement with ESI for ESI to lease to it part-time employees.  As part of this
 contract, the employment of RPIs existing part-time employees was to transfer
 to ESI.  ESI memorialized their agreement in a letter dated May 2, 2003, which
 provided:

 This is to inform you that as of 5-1-03, per our previous
 agreement, you have been assigned to our company.  The employees will be on
 ESIs payroll effective 7am on 5-11-03.  All employees who work after this time
 will be the responsibility of ESI.  Our company will cover these employees for
 their workmans comp insurance.  . . .

Kissiah was not at work on the Friday before the contract date
 when the other employees completed their employment paperwork for ESI.  His
 accident occurred the following Monday, the first working day under the
 contract.  On the date of the accident, Kissiah had never heard of ESI.  He did
 not complete any paperwork for ESI until June 4, 2003.  He had not provided ESI
 with a copy of his social security card at the time of the hearing.  
ESI employee Lisa Gaines testified that if a person had not filled
 out an application and provided a copy of their photo identification and social
 security card, that person could not be an employee of ESI.  She stated ESI
 needed all three items to be able to pay someone.  However, she stated that if
 Kissiah provided ESI with his social security card, ESI would pay him for the
 hours he worked on May 12, but he would not be considered an employee until the
 time he submitted the card.  
RPI
 paid Kissiah one temporary total disability check after the accident but
 stopped paying without filing or serving a Form 15.  Although Kissiah had been
 out of work since the accident, he received no other payments from either RPI
 or ESI.  When Kissiah filed the present claim, both RPI and ESI denied
 liability and asserted they were not Kissiahs employer on the date of the
 accident.  RPI also asserted Kissiah was injured outside the course and scope
 of his employment and therefore was not entitled to any benefits.  
The single commissioner held Kissiah had sustained a compensable
 injury by accident but had not reached maximum medical improvement.  She held
 he was entitled to temporary total disability benefits and continuing medical
 treatment.  In addition, the single commissioner found he was an employee in
 limbo between RPI and ESI and ordered both employers to split liability
 50/50.  She also held RPI must pay a 25% fine on the amount of temporary total
 disability benefits it owed to Kissiah for improperly stopping the payment of
 benefits.  Both RPI and ESI appealed to the Workers Compensation Commission.  
The Commission affirmed the single commissioners ruling that
 Kissiah had sustained an injury by accident arising out of and in the course of
 his employment and was entitled to benefits.  However, it reversed the single
 commissioners division of liability and held only RPI was liable for the
 claim.  
The circuit court affirmed the Commissions ruling concerning
 Kissiahs entitlement to benefits.  However, it remanded the case to the
 Commission to rule on Kissiahs motion to alter or amend.  In its amended order,
 the Commission held the proposed agreement between RPI and ESI did not affect
 Kissiahs employment status.  As Kissiah failed to meet the eligibility for
 ESI, he remained in the employ and control of RPI on the date of his accident. 
 RPI appealed this ruling to the circuit court, which affirmed.  RPI then
 appealed to this court.  
STANDARD OF
 REVIEW
ESI questions whether the issue before this court is
 jurisdiction.  Generally, the issue of whether a claimant is an employee is
 jurisdictional and therefore the question on appeal is one of law.  Nelson
 v. Yellow Cab Co., 349 S.C. 589, 594, 564 S.E.2d 110, 112 (2002).  Thus,
 the appellate court can take its own view of preponderance of the evidence on
 the issue of jurisdiction.  Id.  However, in the present case, there is
 no question that Kissiah is an employee and is covered by the Workers
 Compensation Act.  The supreme court addressed the issue of whether the
 determination of an employees knowledge of a change in the ownership of the
 body shop where he worked, thus relieving the original employer of liability,
 involved jurisdiction.  Addison v. Dixie Chevrolet Co., 246 S.C.
 86, 142 S.E.2d 442 (1965).  The court found: 

 In the case at bar there was no factual issue upon which the
 Commissions jurisdiction, in the true sense of the word, depended.  It is not
 disputed that the respondent was an employee of Dixie Chevrolet Company and
 protected under its workmens compensation coverage at the time when Burn, its
 body shop foreman, took over the shop under the oral agreement before mentioned
 and proceeded to operate it himself, and that respondent's employment in the
 body shop, which had commenced, under Burn more than three years before,
 continued without interruption thereafter.  Interpretation of the agreement
 between Dixie Chevrolet Company and Burn is not involved; whether or not
 respondent was a statutory employee is not involved.  The seriousness of
 respondents injuries was not questioned, nor was the fact that those injuries
 were occasioned by accident arising out of and in the course of his
 employment.  The vital, and single, factual issue was whether respondent knew
 of and consented to the new employer-employee relationship resulting from the
 take-over of the body shop by Burn under the oral agreement before mentioned. 
 That issue was not jurisdictional; its determination by the Commission, being
 adequately supported by the evidence, was conclusive.  

Id. at 91-92, 142 S.E.2d at 444.
We find under Dixie, the present case does not
 involve a jurisdictional issue.  Accordingly, this court can reverse or
 modify the Commissions decision only if the appellants substantial rights
 have been prejudiced because the decision is affected by an error of law or is
 clearly erroneous in view of the reliable, probative, and substantial evidence
 on the whole record.  Shealy v. Aiken County, 341 S.C. 448, 454, 535
 S.E.2d 438, 442 (2000); S.C. Code Ann. § 1-23-380(A)(5) (Supp. 2007). 
 Substantial evidence is not a mere scintilla of evidence nor evidence viewed
 from one side, but such evidence, when the whole record is considered, as would
 allow reasonable minds to reach the conclusion the Full Commission reached.  Shealy,
 341 S.C. at 455, 535 S.E.2d at 442.  
LAW/ANALYSIS
RPI
 argues the circuit court erred in affirming the Commissions decision that it
 was solely liable for Kissiahs workers compensation claim.  We disagree.  
Section 42-1-130 defines an employee as a person engaged in an
 employment under any appointment [or] contract of hire, . . . expressed or
 implied, oral or written . . . .  S.C. Code Ann. § 42-1-130 (Supp. 2007).  Although
 no formality is required, the contract of employment is established if the
 parties recognize each other as employer and employee.  Shuler v. Tri-County
 Elec. Co-op., 374 S.C. 516, 521, 649 S.E.2d 98, 100 (Ct. App. 2007).  Employment,
 like any other contract, presupposes understanding.  The new relation cannot be
 thrust upon the servant without knowledge or consent.  Chavis v. Watkins,
 256 S.C. 30, 34, 180 S.E.2d 648, 650 (1971) (quoting Holloway v. G. O.
 Cooley & Sons, 208 S.C. 234, 243, 37 S.E.2d 666, 670 (1946)).  Thus,
 the original employer has been held to be liable to the employee when there had
 been a change in the ownership and the employee had not been put on notice of
 the change of employer.  Addison v. Dixie Chevrolet Co., 246 S.C.
 86, 91-92, 142 S.E.2d 442, 444-45 (1965); Holloway, 208 S.C. at 243, 37
 S.E.2d at 671 (1946).  The employee is not chargeable with the legal
 consequences of the arrangement between the purchaser and seller of the
 business except as is known and approved by him.  Allen v. Phinney Oil Co.,
 241 S.C. 173, 178, 127 S.E.2d 448, 451 (1962).  The burden rested upon the employer
 denying liability to show that a change in the identity of his employer was
 made known to employee.  Chavis, 256 S.C. at 34, 180 S.E.2d at 650.  
Kissiah
 testified that on the date of the accident, he had never heard of ESI.  When he
 was at the hospital he told hospital personnel that he was an employee of RPI. 
 He stated no one at RPI ever told him that he was no longer an employee of RPI. 
 Thus, under our precedent, RPI remained liable as Kissiahs employer for his
 workers compensation claim.  
RPI
 argues the statutes governing the regulation of professional employer
 organizations South Carolina Code Annotated Section 40-68-10 et seq. (Supp.
 2007) support its claim that it is not liable for Kissiahs claim.  It asserts
 that as the terms of a professional employer organization services agreement
 must be in writing,[2] ESI could not impose additional requirements not found in the written agreement
 as prerequisites of the transfer of employment.  Thus, ESI could not assert
 Kissiah was not its employee because he had not completed his paperwork or
 submitted his social security card before the accident.  
The
 issue of the applicability of these statutes was never raised to or ruled on by
 the Commission.  Therefore, it is not
 properly before this court.  See Smith v. NCII, Inc., 369 S.C. 236, 256, 631 S.E.2d 268, 279 (Ct. App.
 2006) (Only issues raised
 and ruled upon by the commission are cognizable on appeal.).  
Furthermore,
 the terms of the agreement between RPI and ESI are extraneous to our decision. 
 As stated above, an employee is not chargeable with the legal consequences of
 the arrangement between employers except as is known and approved by him.  Allen
 v. Phinney Oil Co., 241 S.C. at 178, 127 S.E.2d at 451.  Kissiah had no
 knowledge of the agreement between RPI and ESI and never agreed to become an
 employee of ESI.  We find the Commissions decision that Kissiah remained in
 the employ of RPI on the date of the accident is supported by the record. 
 Accordingly, we find the circuit court did not err in affirming the
 Commissions decision that RPI is liable for Kissiahs claim.  
The
 decision of the circuit court is 
AFFIRMED.  
ANDERSON, HUFF, and KITTREDGE, JJ. concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] See S.C. Code Ann. § 40-68-60 (A) (Supp. 2007)
 (requiring terms of a professional organization services agreement to be in a
 written contract).