24056

Moses KIRKSEY, Employee, Petitioner v. ASSURANCE TIRE COMPANY, Employer, and South Carolina Insolvency Fund, Carrier, Respondents.

(443 S.E. (2d) 803)

Supreme Court

C. *Ben Bowen* and *Linda McKenzie* both of *Bowen, McKenzie & Bowen,* Greenville, *for appellant.*

*Hal J. Warlick* of *Warlick Law Office,* Easley, *for respondents.*

Heard March 2, 1994.

Decided April 25, 1994.

MOORE, Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision reported at — S.C. —, 428 S.E. (2d) 721 (Ct. App. 1993). We affirm.

## FACTS

Petitioner was injured while employed by respondent Assurance Tire Company (Assurance) and sought Workers' Compensation benefits. Respondents denied coverage claiming Assurance employed only three employees and was not subject to the Workers' Compensation Act (Act) pursuant to S.C. Code Ann. § 42-1-150 (1985). Petitioner argues the owner's daughter, Vivian Foster, was the fourth employee. The Single Commissioner awarded benefits finding Foster was an employee under the Act. The Full Commission affirmed. The Circuit Court also affirmed. The Court of Appeals reversed.

## ISSUE

Was Foster an employee under the Act?

## DISCUSSION

Initially, we address the standard of review to be applied in this case. The Circuit Court applied the substantial evidence standard enunciated in *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981). The Court of Appeals stated it could find facts in accordance with the preponderance of the evidence when determining jurisdictional questions. The Court of Appeals applied the correct standard of review. *Vines v. Champion Bldg. Products*, — S.C. —, 431 S.E. (2d) 585 (1993).

S.C. Code Ann. § 42-1-130 (Supp. 1993) provides in pertinent part: "The term 'employee' means every person engaged in an employment under any appointment, *contract of hire* or apprenticeship, express or implied, oral or written . . ." (emphasis added). The word "hire" generally connotes payment of some kind. 1B Larson, *Law of Workmen's Compensation* § 47.10 (1993). *See also* BLACK'S 729 (6th Ed. 1990). There was no allegation that Foster was being paid in any form. Foster testified that she helped her father because he was in bad financial shape and he had helped her in the past. We find Foster was a gratuitous worker.

Most jurisdictions have held gratuitous workers are not employees under workers' compensation acts. *See e.g. Mandala v. Wells*, 212 App. Div. 370, 209 N.Y.S. 35 (1925), *Garner v. Reed*, 856 S.W. (2d) 698 (Tenn. 1993); *Humphries v. Thomas*, 244 Va. 571, 422 S.E. (2d) 755 (1992). *See also* 99 C.J.S. *Workers' Compensation* § 64 (1958). We now hold gratuitous workers are not employees under a contract of hire. Therefore Foster was not employed by Assurance under a contract of hire.

Petitioner then argues, as Judge Garner opines in his dissent, Foster was employed under an appointment. A few Missouri cases have held that an employee was employed under an appointment under similar facts. *Stegeman v. Saint Francis Xavier Parish*, 611 S.W. (2d) 204 (Mo. 1981); *Fielder v. Prod. Credit Assoc.*, 429 S.W. (2d) 307 (Mo. App. 1968); *Lawson v. Lawson*, 415 S.W. (2d) 313 (Mo. App. 1967). However, "the application of the term appointment to the kind of ordinary service relation involved [here] seems rather farfetched, and does not seem to have found favor outside of Missouri." 1B Larson, *Law of Workmen's Compensation* § 47.41(a) (1993). We find Foster was not employed under an appointment.

We hold Foster was not an employee of Assurance under § 42-1-130 and, therefore, petitioner was not covered under the Workers' Compensation Act. Accordingly, the decision of the Court of Appeals is

Affirmed.

CHANDLER, Acting C.J., FINNEY and TOAL, JJ., and WALTER J. BRISTOW, Jr., Acting Associate Justice, concur.