496 S.E.2d 29

**Stephen C. HARDING, Employee and Claimant, Appellant,**

v.

**Craig PLUMLEY, d/b/a/ Plumley Construction Co., and the South Carolina Uninsured Employers' Fund, as Employer/Carrier, Respondents.**

No. 2778.

Court of Appeals of South Carolina.

Submitted Nov. 4, 1997.

Decided Jan. 12, 1998.

Harvey B. Breland, of Breland & Bernstein, Greenville, for appellant.

Brooks Shealy, Columbia; and David D. Armstrong, Greenville, for respondents.

HUFF, Judge:

This is a worker's compensation case. Employee Stephen Harding appeals an order of the circuit court which affirmed the conclusion of the Workers' Compensation Commission that his employer, Craig Plumley d/b/a Plumley Construction Com-

pany, was not subject to the terms of the South Carolina Workers' Compensation Act. We affirm.

## INTRODUCTION

On September 2, 1991, Stephen Harding received an accidental injury to his right eye while employed as a laborer with Craig Plumley, d/b/a Plumley Construction Company. Harding filed a worker's compensation claim. The claim was denied by Plumley Construction, a residential home builder, on the ground it did not employ four or more employees on a regular basis and was not subject to the South Carolina Workers' Compensation Act. The hearing commissioner concluded Plumley Construction Company employed two employees, at most, on a regular basis during the relevant time period and thus was not subject to the Workers' Compensation Act. The Appellate Panel of the Workers' Compensation Commission unanimously affirmed the decision of the hearing commissioner. On appeal, the circuit court affirmed the decision of the Appellate Panel. It concluded substantial evidence supported the decision of the Appellate Panel that, even considering statutory employees, Plumley Construction only regularly employed two persons.

## ISSUES

Harding contends the circuit court erred in affirming the decision of the Appellate Panel because (1) it applied an incorrect standard of review, and (2) the preponderance of the evidence demonstrates Plumley Construction regularly employed four or more persons, considering the nature of its residential homebuilding business and given its use of subcontractors and their employees to perform essential parts of its business.

## FACTUAL/PROCEDURAL BACKGROUND

Harding was hired by Plumley Construction as a general laborer. He was injured September 2, 1991, his first and only day on the job. Craig Plumley, the owner of Plumley Construction, was a licensed residential home builder. He began the business in mid–1990. In spring of 1991, his company contracted to build a home in the Glen Laurel subdivision.

The company had built one other house in the subdivision in 1990. According to payroll records from Plumley's accountant, six laborers, including Harding, worked for the company at various times during 1991. Greg Pruitt and Bryan Pittman were paid by the company on an almost weekly basis during August and September of 1991. Gordon Trammell received two paychecks, one in July and another in August. John Hall received one paycheck in July of 1991 for $126. James Lansford was paid around $350 for labor sometime during 1991.

Plumley testified Greg Pruitt and Bryan Pittman both worked for his father, Clint Plumley, but would work for him when he needed their help. They only worked for Plumley when his father was not using them. During the time they worked for him, they did not work full weeks, but only part of the week. Trammell only worked for a week, or possibly part of two weeks, digging ditches or sweeping. John Hall apparently worked as a laborer sometime in 1991, but Plumley could not remember him. Neither could he remember James Lansford. Plumley stated Harding lost his job at Lowe's and was seeking temporary employment. Plumley told Harding he could work for him until Harding found something else he could do. Harding worked the morning of September 2, 1991 at the agreed compensation rate of $6.50 an hour.

Plumley also testified his company hired subcontractors to perform certain parts of the construction work on the house such as pouring concrete footings, plumbing, installing heat and air, electrical work, roofing, landscaping and painting. The use of subcontractors was normal in his business. According to Plumley, only one subcontractor was usually on the job at any given time because they tended to get in each other's way. On this house, Plumley hired Sam McMahand, who owned his own business, to pour the concrete for the footing. McMahand employed one person as a general laborer. Plumley Construction's financial records indicate McMahand was paid by it on two occasions, once in June and once in July. Plumley also hired Douglas Harris, who owned a roofing business, to put the shingles on the roof of this house. Harris likewise employed one person in his business. Harris was paid by Plumley on one occasion in September. There is no testimony or other evidence indicating the amount of time

or number of days McMahand and Harris worked on this house.

Based upon this evidence, the hearing commissioner found the relevant time period was between July 1, 1991, and November 1991. During that time frame, the only two employees who worked for Plumley Construction with any regularity were Greg Pruitt and Bryan Pittman. However, the commissioner noted this was only for short spurts of time and held this was a factual stretch at best. The commissioner also held the evidence did not support Harding's contention that employees of Plumley's subcontractors were statutory employees. As a result, the commissioner concluded Harding was not entitled to any benefits under the Workers' Compensation Act because Plumley Construction Company did not employ four or more people on a regular basis. The Appellate Panel affirmed the decision of the hearing commissioner.

When the circuit court considered the case on appeal, the court held the crucial issue was the meaning of the term "regular" as used in S.C.Code Ann. § 42–1–360(2) (1985). This section provides the Workers' Compensation Act does not apply to "[a]ny person who has *regularly employed* in service less than four employees in the same business within the State...." (emphasis added). The circuit court held that, even considering the claimant's contention on the inclusion of statutory employees, the substantial evidence in the record supported the conclusion Plumley Construction only regularly employed Greg Pruitt and Bryan Pittman. The court thus affirmed the decision of the Appellate Panel.

## LAW/ANALYSIS

Harding contends the circuit court erred in applying the substantial evidence standard of review to its review of the commission's decision. We agree. The issue of whether an employer regularly employs the requisite number of employees to be subject to the Workers' Compensation Act is jurisdictional. Therefore, the commission's findings of fact relative to the number of employees employed by the employer are not conclusive on appeal and the appellate court has the power and duty to review the record and decide the issue in accordance with the preponderance of the evidence. *Kirksey v.*

*Assurance Tire Co.,* 314 S.C. 43, 443 S.E.2d 803 (1994) (aff'g *Kirksey v. Assurance Tire Co.,* 311 S.C. 255, 428 S.E.2d 721 (Ct.App.1993)). Nevertheless, such error does not necessarily require reversal. Rather, this court must review the record in accordance with our own view of the preponderance of the evidence.

■ Harding contends the two employees of the footing and roofing subcontractors should be considered statutory employees of Plumley Construction and should be counted in determining whether Plumley Construction had the requisite number of four employees under the exemption statute.[1] We disagree.

In *Ost v. Integrated Products Inc.,* 296 S.C. 241, 371 S.E.2d 796 (1988), our supreme court held statutory employees may be included to satisfy the four person jurisdictional requirement of § 42–1–360(2). In *Ost,* the court noted that three employees of Integrated "regularly traveled to South Carolina as part of their employment." A sister company, National Sales Company, Inc., provided a three man sales force who regularly traveled to South Carolina to sell for Integrated. The Court concluded the employees of National Sales were statutory employees of Integrated and could be included to satisfy the four person jurisdictional requirement of § 42–1–360(2). In its opinion, the supreme court cited with approval the decision of the Virginia Court of Appeals in *Smith v. Weber,* 3 Va.App. 379, 350 S.E.2d 213 (1986). The *Smith* case concerned a general contractor who had no employees of his own but performed his work through subcontractors. The Virginia court noted one subcontractor had one "regular" employee and the other subcontractor had two "regular" employees which together would meet the statutory requirement of three employees. There was, however, no discussion in the *Smith* case about the meaning of the term "regular".

■ Accepting Harding's argument that, pursuant to *Ost,* employees of subcontractors should be counted toward the jurisdictional requirement, the question still remains whether Plumley Construction "regularly employed" four or more peo-

---

1. We will assume, for purposes of this appeal, that the employees of the footing and roofing subcontractors are statutory employees of Plumley Construction Company.

ple. S.C.Code Ann. § 42–1–360 does not define the term "regularly employed." The North Carolina courts[2] have interpreted the term in that state's workers' compensation law as follows:

> [T]he term "regularly employed" connotes employment of the same number of persons throughout the period with some constancy. It would not seem that the purpose of the Act would be accomplished by making it applicable to an employer who may have had, in the total number of persons entering and leaving his service during the period, more than the minimum number required by the Act.

*Patterson v. L.M. Parker Co.*, 2 N.C.App. 43, 48–49, 162 S.E.2d 571, 575 (1968); *Grouse v. DRB Baseball Management, Inc.*, 121 N.C.App. 376, 378–379, 465 S.E.2d 568, 570 (1996).

In the North Carolina case of *Durham v. McLamb,* 59 N.C.App. 165, 296 S.E.2d 3 (1982), the court found the defendant met the statutory requirement of four regularly employed employees to bring the defendant within its Workers' Compensation Act. In that case, the defendant had employed four carpenters in December 1979 to work on four houses being built by the defendant for rental purposes. This employment continued through January of 1980 until defendant discharged the workers due to his lack of funds to pay them. The court held the four were "regularly employed", noting "their employment extended over a period of some weeks, during which they worked, not by chance or for a particular occasion, but according to a definite employment at hourly wages which were paid at the end of each week worked." 59 N.C.App. at 171, 296 S.E.2d at 7.

In this case, the evidence supports the commission's determination that Plumley Construction had, at the most, two "regularly employed" laborers, Pruitt and Pittman, who worked for the company during the July through November

---

2. Because South Carolina adopted large portions of the North Carolina Workers' Compensation legislation, we rely on North Carolina precedent in Workers' Compensation cases. *Stephen v. Avins Construction Co.,* 324 S.C. 334, 478 S.E.2d 74 (Ct.App.1996). Decisions of North Carolina courts interpreting that state's Workers' Compensation statute are entitled to weight when South Carolina courts interpret the South Carolina Workers' Compensation Law because the South Carolina statute was fashioned after that of North Carolina. *Id.*

time period found critical by the commission,[3] and who were paid on an almost weekly basis. Two other laborers, Gordon Trammell and John Hall, worked on occasion in July and August. Trammell received two paychecks, one in July and another in August. Hall received one paycheck in July of 1991. Plumley could not even remember James Lansford, and the only evidence in the record regarding Lansford is that he was paid approximately $350 sometime in 1991. Harding himself only worked for Plumley for part of one day. However, even if we assume Harding was regularly employed by Plumley during the critical time period, there must be at least one other "regularly employed" employee to bring Plumley within the Act.

During the critical time period, Plumley Construction paid the footing subcontractor twice, once in June and once in July. The roofer was paid by Plumley one time in September. As previously noted, there is no evidence indicating the amount of time or number of days McMahand and Harris worked on this house. Based upon our view of the evidence, we agree with the conclusion of the commission and the circuit court that Plumley Construction falls within the statutory exemption in § 42–1–360(2). The record shows the company employed only Pruitt and Pittman on a regular basis during the relevant time frame. Further, even if we considered Harding to have been "regularly employed" during the relevant time period, the statutory four person requirement is not met. While the company may have on occasion employed some additional laborers and statutory employees, the record does not support a conclusion that it employed the "same number of persons throughout the period with some constancy."[4] *See Patterson, supra.* Accordingly, the order below is

**AFFIRMED.**

CONNOR and ANDERSON, JJ., concur.

---

3. Neither party directly challenges this "critical time frame" which appears to correspond with the period during which the house was being constructed.

4. While the facts of this case support no other conclusion, we do not imply that employers can avoid the Act simply by shifting the particular employees they hire. Rather, in deciding whether an employee is

regular or casual, consideration should be given to both duration and regularity of recurrence. 4 Arthur Larson, *Workers' Compensation Law,* § 53.20 (1997).