649 S.E.2d 98

**Frederick D. SHULER, Appellant,**

**v.**

**TRI–COUNTY ELECTRIC CO–OP, INC., Employer, and Federated Rural Electric Insurance Corp., Carrier, Respondents.**

No. 4256.

Court of Appeals of South Carolina.

Heard April 10, 2007.

Decided June 18, 2007.

Rehearing Denied Aug. 24, 2007.

518

Kevin Hayne Sitnik and John Gressette Felder, Jr., both of Columbia, for Appellant.

W. Hugh McAngus, Weston Adams, III, and Mary Margaret Hyatt, all of Columbia, for Respondents.

Samuel F. Painter, of Columbia, for Amicus Curiae.

STILWELL, J.

Frederick D. Shuler filed this action alleging entitlement to workers' compensation benefits. Shuler appeals the circuit court's ruling he was not an employee of Tri–County Electric Co-op, Inc. (the Co-op) and therefore not entitled to coverage. We affirm.

## FACTS

The Co-op is a rural electric cooperative.[1] Shuler served on the Co-op's Board of Trustees. Shuler requested authorization from the Co-op to attend the annual convention of the National Rural Electric Cooperative Association in Dallas. Although Shuler's attendance was not mandatory, and he was not a voting delegate at the meeting, the Co-op approved his request. Shuler was injured in an automobile accident while driving to Dallas and filed a workers' compensation claim. The Co-op denied the claim, contending Shuler was not an employee.

---

1. The parties stipulated many of the facts before the single commissioner.

As a board member, Shuler received compensation from the Co-op, including reimbursed expenses and a per diem allowance for attendance at meetings. This compensation was designated on Shuler's IRS 1099 form issued by the Co-op as "Nonemployee compensation." Shuler also received benefits from enrollment in the Co-op's retirement and health insurance plans.

The single commissioner found Shuler was not the Co-op's employee and was therefore ineligible for workers' compensation benefits. The full commission reversed the commissioner. The circuit court reversed the full commission, reinstating the single commissioner's decision.

## STANDARD OF REVIEW

The existence of an employer-employee relationship is a factual question that determines the jurisdiction of the Workers' Compensation Commission. *Nelson v. Yellow Cab Co.*, 349 S.C. 589, 594, 564 S.E.2d 110, 112 (2002). When an issue involves jurisdiction, the appellate court can take its own view of the preponderance of the evidence. *Dawkins v. Jordan*, 341 S.C. 434, 439, 534 S.E.2d 700, 703 (2000). "In determining jurisdictional questions, doubts of jurisdiction will be resolved in favor of inclusion of employees within workers' compensation coverage rather than exclusion." *Wilson v. Georgetown County*, 316 S.C. 92, 94, 447 S.E.2d 841, 842 (1994).

## LAW/ANALYSIS

Shuler argues he is an employee of the Co-op and therefore entitled to workers' compensation benefits. We disagree.

To decide the issue of employment in this case, we are required to review: 1) the Workers' Compensation Act, 2) the Electric Cooperative Act, and 3) the Co-op's by-laws. We shall do so seriatim.

In interpreting the Workers' Compensation Act, we are required to construe the statutes liberally in favor of coverage. *Peay v. U.S. Silica Co.*, 313 S.C. 91, 94, 437 S.E.2d 64, 65 (1993). The primary section of the Workers' Compensation Act involved in this case is section 42–1–130. Section

42–1–130 defines an employee as a "person engaged in an employment under any appointment [or] contract of hire, . . . expressed or implied, oral or written. . . ." S.C.Code Ann. § 42–1–130 (Supp.2006).

In construing the Workers' Compensation Act to define an employee, our court has held that coverage depends on the existence of an employment relationship. *Edens v. Bellini,* 359 S.C. 433, 439, 597 S.E.2d 863, 866 (Ct.App.2004). The "contract of employment" is the jurisdictional factor used to determine if an employment relationship exists. *Alewine v. Tobin Quarries,* 206 S.C. 103, 109, 33 S.E.2d 81, 83 (1945). Although no formality is required, the contract is established if the parties recognize each other as employer and employee. *Id.* Furthermore, an employee's right to demand payment for his services from the employer is essential to the establishment of an employment relationship. *Kirksey v. Assurance Tire Co.,* 311 S.C. 255, 257, 428 S.E.2d 721, 723 (Ct.App.1993), *aff'd,* 314 S.C. 43, 443 S.E.2d 803 (1994). For example, in *Doe v. Greenville Hosp. Sys.,* 323 S.C. 33, 39–40, 448 S.E.2d 564, 567–68 (Ct.App.1994), this court held an unpaid volunteer candy striper was not the employee of a hospital. Likewise, in *McCreery v. Covenant Presbyterian,* this court found an unpaid church volunteer not an employee of the church for workers' compensation purposes. 299 S.C. 218, 383 S.E.2d 264 (1989), *rev'd on other grounds,* 303 S.C. 271, 400 S.E.2d 130 (1990). *See also Kirksey,* 311 S.C. at 257, 428 S.E.2d at 723 (finding unpaid daughter of store owner not an employee). *See generally* 3 *Larson's Workers' Compensation Law* § 65.01 (2006).

To correctly determine the relationship of the parties in this case, we must next turn our attention to the language of the Electric Cooperative Act and the by-laws adopted by the individual co-op pursuant to the provisions of that act. The Electric Cooperative Act governs rural electric cooperatives in South Carolina. *See* S.C.Code Ann. §§ 33–49–10 to 33–49–1450 (2006 & Supp.2006). Section 33–49–630 of the Electric Cooperative Act, entitled "Compensation or employment of trustee," provides:

The bylaws may make provision for the compensation of trustees; *provided,* however, that compensation shall not be

paid except for actual attendance upon activities authorized by the board. The bylaws may also provide for the travel, expenses and other benefits of trustees, as set by the board. A trustee, except in emergencies, shall not be employed by the cooperative in any other capacity involving compensation.

S.C.Code Ann. § 33–49–630 (2006) (emphasis in original).

 While we are required to construe the Workers' Compensation Act liberally in favor of coverage, the same is not true in the interpretation and construction of either the Electric Cooperative Act or the by-laws adopted pursuant thereto. With regard to these enactments, we apply more general rules of construction. The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *S.C. Dep't of Transp. v. First Carolina Corp.*, 369 S.C. 150, 153–54, 631 S.E.2d 533, 535 (2006). The court should give words their plain and ordinary meaning, without resort to subtle or forced construction to limit or expand the statute's operation. *Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 469, 636 S.E.2d 598, 607 (2006).

 The plain language of section 33–49–630 allows a rural electric cooperative to provide for the compensation of trustees and limits this compensation "for actual attendance upon activities authorized by the board." S.C.Code Ann. § 33–49–630 (2006). However, this section does not mandate the compensation or employment of a trustee, nor does it create in the trustee a right to demand payment. *See, e.g., Nallan v. Motion Picture Studio Mechs. Union*, 40 N.Y.2d 1042, 391 N.Y.S.2d 853, 360 N.E.2d 353, 353 (1976) (emphasizing, in the context of whether a board member of a labor union was an employee of the union, that the board member's stipend did not constitute a salary or compensation under workers' compensation laws). We also find instructive the language of the Electric Cooperative Act itself, which prohibits a trustee from being employed by the cooperative in any other capacity involving compensation except in emergency situations. We are able to discern no right to demand a wage arising pursuant to section 33–49–630 sufficient to satisfy the test for the creation of an employment relationship as required in court decisions. Nor do we discern from the Elec-

tric Cooperative Act any intent by the legislature to create an employment relationship for purposes of workers' compensation benefits.

 Finally, we look to the by-laws of the individual co-op to determine if they provide a basis for concluding that an employment relationship existed between the Co-op and Shuler. The by-laws are an integral component establishing Shuler's relationship as a board member of Tri–County Electric Co-op. The by-laws should be construed in the same manner a contract is construed because they form the basis for the relationship between the parties, as does a typical contract. "The primary purpose of all rules of contract construction is to determine the intent of the parties." *Goldston v. State Farm Mut. Auto. Ins. Co.*, 358 S.C. 157, 170, 594 S.E.2d 511, 518 (Ct.App.2004). In determining the parties' intentions, the court must read the contract as a whole. *S. Atl. Fin. Servs., Inc. v. Middleton*, 356 S.C. 444, 447, 590 S.E.2d 27, 29 (2003). When the language of a contract is clear, explicit, and unambiguous, the language of the contract alone determines the contract's force and effect, and the court must construe it according to its plain, ordinary, and popular meaning. *Moser v. Gosnell*, 334 S.C. 425, 430, 513 S.E.2d 123, 125 (Ct.App.1999).

Article IV, Section 9 of the by-laws provides, in pertinent part:

> Board members shall not receive any salary for their services as such, except that the board may authorize a fixed sum for each day or portion thereof spent on Cooperative business. . . . If authorized by the board, board members may also be reimbursed for expenses actually and necessarily incurred in carrying out such cooperative business or granted a reasonable per diem allowance. . . .

Other provisions of the by-laws provide that trustees are elected by the Co-op members and serve for a fixed term of three years. The by-laws provide that trustees must be members, but employees do not have to be members. They also prohibit any employee from being a trustee while being simultaneously employed by the Co-op or having been employed in the preceding five years. "No person shall be eligible to become or remain a board member . . . who . . . is

employed by the Cooperative or was employed by the Cooperative at any time during the preceding five (5) years."

■ Although the by-laws permit compensation on a per diem basis, provide for trustees to be reimbursed for actual expenses incurred, and allow other benefits, when read as a whole the by-laws do not create an employment relationship. Rather, these benefits and compensation constitute gratuitous payments, allowed in the board's discretion, and are not compensation for services rendered.

For the foregoing reasons, we hold Shuler is not the Co-op's employee, and he is not entitled to coverage under the workers' compensation act. Accordingly, the circuit court's decision is

**AFFIRMED.**[2]

HEARN, C.J., and GOOLSBY, J., concur.

---

**2.** Shuler contends the circuit court erred in several other aspects of its analysis. However, based on our conclusion that Shuler is not the Co-op's employee, we need not address these issues. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").