THIS OPINION
 HAS NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Curtis Howard,
 Claimant,
 v.
 Marvin Pittman
 Erectors, Employer and South Carolina Uninsured Employers Fund, Carrier,
 Defendants,
 of whom Curtis
 Howard and Marvin Pittman Erectors are, Respondents,
 And
 South Carolina
 Uninsured Employers Fund is the Appellant.
 
 
 

Appeal From Pickens County
 Edward W. Miller, Circuit Court Judge
Unpublished Opinion No. 2008-UP-643
ubmitted November 3, 2008  Filed
 November 17, 2008    
AFFIRMED

 
 
 
 Robert Merrell Cook, II, of Batesburg-Leesville, for Appellant.
 Michael S. Swindell, of Greenville; and Marvin Pittman, pro se, of
 Easley, for Respondents.
 
 
 

PER CURIAM:  In this
 workers compensation case, South Carolina Uninsured Employers Fund appeals
 the trial courts ruling that Marvin Pittman Erectors was subject to the South
 Carolina Workers Compensation Act (the Act).  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. §
 42-1-360(2) (Supp. 2007) (providing an employer that regularly employs fewer
 than four employees in the same business is exempt from the Act); Hernandez-Zuniga
 v. Tickle, 374 S.C. 235, 248, 647 S.E.2d 691, 698 (Ct. App. 2007)
 (contrasting regular employment with casual employment, and defining
 casual employment as occasional or by chance and not in the usual course of
 the employers trade or business);  Id. at 245-46, 647 S.E.2d at 696-97
 (quoting 4 Larson, Workers Compensation §§ 74.01-02 (addressing the minimum employee
 requirement and providing the number of employees working at the exact time of
 injury is immaterial)); Harding v. Plumley, 329 S.C. 580, 584, 496
 S.E.2d 29, 31 (Ct. App. 1998) (providing the issue of whether an employer
 regularly employs the requisite number of employees is jurisdictional;
 therefore, the appellate court is not bound by the Appellate Panels findings
 of fact and resolves the issue by determining whether the preponderance of
 evidence supports inclusion under the Act); Grouse v. DRB Baseball Mgmt.,
 Inc., 465 S.E.2d 568, 570 (N.C. App. 1996) (defining regularly employed
 as employment of the same number of persons throughout the period with some
 consistency). 
AFFIRMED.
HEARN,
 C.J., SHORT and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.