684 S.E.2d 765

**Frederick D. SHULER, Petitioner,**

**v.**

**TRI–COUNTY ELECTRIC CO–OP, INC., Employer, and Federated Rural Electric Insurance Corp., Carrier, Respondents.**

**No. 26731.**

Supreme Court of South Carolina.

Heard Sept. 16, 2009.

Decided Oct. 12, 2009.

Rehearing Denied Nov. 18, 2009.

Kevin Hayne Sitnik and John G. Felder, Jr., both of McGown, Hood and Felder, of Columbia, for Petitioner.

W. Hugh McAngus, Weston Adams, III, and Helen F. Hiser, all of McAngus Goudelock & Courie, of Columbia, for Respondents.

Chief Justice TOAL.

In this case, we granted a writ of certiorari to review the court of appeals' decision affirming the denial of workers' compensation benefits to Frederick D. Shuler (Petitioner). We affirm.

## FACTS/PROCEDURAL BACKGROUND

Petitioner was a member of the Board of Trustees of Tri–County Electric Co-op (Tri–County). As a trustee, Petitioner routinely received per diem allowances, reimbursement for expenses, and other benefits from Tri–County, as authorized by the Electric Cooperative Act and Tri–County's bylaws. Tri–County reported these payments as "Nonemployee Compensation" on 1099 tax forms, and Petitioner reported the payments as "business income," rather than as "wages."

Petitioner was injured in an automobile accident while traveling to the National Rural Electric conference in Dallas, Texas with the Board's authorization. Petitioner sought workers' compensation benefits from Tri–County for his injury. The single commissioner found that Petitioner was not an employee of Tri–County, thus was not eligible for benefits. The full commission reversed, finding Petitioner was an employee. On appeal, the circuit court reversed. The court of appeals affirmed the circuit court, holding that Petitioner was not an employee of Tri–County. *Shuler v. Tri–County Elec. Co-op., Inc.*, 374 S.C. 516, 649 S.E.2d 98 (Ct.App.2007).

## STANDARD OF REVIEW

Workers' compensation awards are authorized only if an employment relationship exists at the time of the injury. *Nelson v. Yellow Cab Co.*, 349 S.C. 589, 594, 564 S.E.2d 110, 112 (2002), *overruled on other grounds by Wilkinson ex rel.*

*Wilkinson v. Palmetto State Transp. Co.*, 382 S.C. 295, 676 S.E.2d 700 (2009). The existence of an employment relationship is a factual question that determines the jurisdiction of the Workers' Compensation Commission and is reviewable under the preponderance of the evidence standard. *Brayboy v. WorkForce*, 383 S.C. 463, 681 S.E.2d 567 (2009). When the issue involves jurisdiction, the appellate court may take its own view of the preponderance of the evidence. *Wilkinson*, 382 S.C. at 299, 676 S.E.2d at 702. It is South Carolina's policy to resolve jurisdictional doubts in favor of inclusion rather than exclusion. *White v. J.T. Strahan Co.*, 244 S.C. 120, 135 S.E.2d 720, 723 (1964). "However, a construction should not be adopted that does violence to the specific provisions of the Act." *Id.*

## LAW/ANALYSIS

### I. Contract of Hire

█  Petitioner argues the court of appeals erred in holding he was not an employee of Tri–County under a contract of hire. We disagree.

█  Under the Workers' Compensation Act, an employee is defined as a "person engaged in an employment under any appointment, contract of hire, or apprenticeship, expressed or implied, oral or written . . . ." S.C.Code Ann. § 42–1–130 (1985 & Supp.2008). To be considered an employee under a contract of hire pursuant to section 42–1–130, a person must have a right to payment for his services. *See Kirksey v. Assurance Tire Co.*, 314 S.C. 43, 45, 443 S.E.2d 803, 804 (1994) ("The word hire' generally connotes payment of some kind.").

A plain reading of the Electric Cooperative Act and Tri–County's bylaws show that any compensation Petitioner received was discretionary. The Electric Cooperative Act states:

The bylaws [of a cooperative] may make provision for the compensation of trustees; *provided,* however, that compensation shall not be paid except for actual attendance upon activities authorized by the board. The bylaws may also provide for the travel, expenses and other benefits of trustees, as set by the board. A trustee, except in emergencies, shall not be employed by the cooperative in any other capacity involving compensation.

S.C.Code Ann. § 33–49–630 (2006) (emphasis in original). As the statute indicates, cooperatives are not required to compensate their trustees, but may draft their bylaws to permit some payment. Additionally, any payment provided to the trustees may be given only for time spent on specific business authorized by the board, not as compensation for general services to the cooperative. Therefore, Petitioner was not compensated for his services to Tri–County, and he did not have a right to demand any payment at all. Further, the final sentence makes clear that the trustees are not considered employees of Tri–County and may only be employed by Tri–County in cases of emergency.

Tri–County's bylaws state:

Board members shall not receive any salary for their services as such, except that the board may authorize a fixed sum for each day or portion thereof spent on cooperative business.... If authorized by the board, board members may also be reimbursed for expenses actually and necessarily incurred ... or granted a reasonable per diem allowance....

The bylaws expressly state the trustees do not receive compensation for their services to Tri–County, but rather they may, at the Board's discretion, receive a per diem or be reimbursed for their expenses. Therefore, because Petitioner was not entitled to compensation, he was not an employee under a contract of hire. The court of appeals correctly determined that the reimbursement for actual expenses and the additional benefits Petitioner received were discretionary and that Petitioner had no right to demand such payment.

## II. Gratuitous Worker Doctrine

The court of appeals' analysis of the existence of an employment relationship confuses the "gratuitous worker" doctrine by stating that the "benefits and compensation [given to Petitioner] constitute gratuitous payments." *Shuler*, 374 S.C. at 524, 649 S.E.2d at 102. We take this opportunity to clarify that doctrine.

According to *Larson's Workers' Compensation Law*, which this Court relied upon in *Kirksey*, gratuitous employees are those who "neither receive nor expect to receive any kind of

pay for their services." 3 *Larson's Workers'TI Compensation Law* § 65.01 (2009). Thus, the term "gratuitous," in this context, normally is used to describe the nature of the work being performed, not the nature of the compensation received.

For example, in *Kirksey*, the claimant argued that his employer's daughter, who helped out around the shop, qualified as the fourth employee for purposes of the Workers' Compensation Act. 314 S.C. at 44, 443 S.E.2d at 804. This Court disagreed, finding the daughter was a "gratuitous worker" because she helped her father without pay and on account of his poor financial situation. *Id.* at 45, 443 S.E.2d at 804. Furthermore, this Court specifically held that gratuitous workers are not employees under a contract of hire. *Id.*

Here, Petitioner performed his duties as a trustee of Tri–County without receiving compensation for his services. Although he may have received reimbursement for expenses and other benefits, these payments were given at the discretion of the Board and Petitioner had no right to demand such payment. Thus, Petitioner was not an employee because his services were offered gratuitously, not, as the court of appeals erroneously stated, because Tri–County's payments were gratuitous.

### III. Appointment

▓ Petitioner argues that his election to the Board constituted an appointment by Tri–County's membership to serve as a trustee. We disagree.

Section 42–1–130 does not define "appointment."[1] Regardless, Petitioner was elected to serve as a trustee, and the difference between an appointment and an election is clear. *Black's Law Dictionary* defines an appointment as "[t]he designation of a person, such as a nonelected public official, for a job or duty; especially, the naming of someone to a nonelected public office." *Black's Law Dictionary*, 8th ed. (2004). The emphasis on "nonelected" officials precludes the possibility that a person who is elected could also be appointed to the same position.

---

1. Although the statute does not define the term, it certainly comprehends that "election" and "appointment" are two distinct concepts. *See* S.C.Code Ann. § 42–1–130 (including as employees "all officers and employees of the State, except those elected ... or appointed").

Further, the Electric Cooperative Act specifically states that "[a]t each annual meeting ... the members shall elect trustees to hold office...." S.C.Code Ann. § 33–49–640 (2006). Similarly, Tri–County's bylaws provide that "members of the board shall be elected by ballot at each annual meeting of the members...." Petitioner was clearly elected to his position as a trustee, and therefore cannot simultaneously be employed under an appointment.

## CONCLUSION

We hold that the court of appeals correctly concluded that Petitioner was not an employee of Tri–County under a contract of hire. However, the court of appeals confused the gratuitous worker doctrine, mistakenly applying the term "gratuitous" to the type of payment Petitioner received from Tri–County rather than the type of work Petitioner performed for Tri–County. Under a proper analysis, Petitioner was a gratuitous worker because he worked for Tri–County without the right to or expectation of pay. Furthermore, Petitioner was elected to serve as a trustee; therefore, he is not an employee under an appointment. We affirm the court of appeals' decision.

WALLER, PLEICONES, JJ., and Acting Justices JAMES E. MOORE and E.C. BURNETT, III, concur.