**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

David G. Becker, Appellant,

v.

Steve Frazier, d/b/a Sunrise Construction, Frazier Properties of Myrtle Beach, and Steve's Housing Center, and South Carolina Uninsured Employers Fund, Defendants,

Of whom South Carolina Uninsured Employers Fund is the Respondent.

Appellate Case No. 2011-200507

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-281
Heard March 6, 2013 – Filed June 26, 2013

**REVERSED AND REMANDED**

Phillip F. L. Hughes, of Phillip Francis Luke Hughes, PA, of North Myrtle Beach, and D. Michael Kelly and Bradley Davis Hewett, both of Mike Kelly Law Group, LLC, of Columbia, for Appellant.

Lisa C. Glover, of the South Carolina Uninsured Employers' Fund, of Columbia, for Respondent.

—————————

**PER CURIAM:** David G. Becker appeals the order of the circuit court affirming the Appellate Panel of the South Carolina Workers' Compensation Commission's decision that Steve Frazier, d/b/a Sunrise Construction, Frazier Properties of Myrtle Beach, and Steve's Housing Center (Frazier), did not regularly employ four or more employees in his business and, therefore, was not subject to the Workers' Compensation Act (the Act).

The Act specifically excludes: "Any person who has regularly employed in service less than four employees in the same business within the State . . . ."  S.C. Code Ann. § 42–1–360(2) (Supp. 2012).  In determining whether Frazier was subject to the Act, we may take our own view of the preponderance of the evidence.  *See Shuler v. Tri-County Elec. Co-op*, 385 S.C. 470, 473, 684 S.E.2d 765, 767 (2009) (noting that when the issue in a workers' compensation case involves jurisdiction, the appellate court may take its own view of the preponderance of the evidence); *Harding v. Plumley*, 329 S.C. 580, 584, 496 S.E.2d 29, 31  (Ct. App. 1998) ("The issue of whether an employer regularly employs the requisite number of employees to be subject to the Workers' Compensation Act is jurisdictional.").  We find Jim Chapman, Jackie Coble, Steve Freeman, Robert Freeman, Willis Quick, Kelly Sweatt, and Sanford Hunt, Jr. were all regularly employed during what the circuit court termed the relevant time period, the latter part of 2006, with Frazier paying at least four of these employees at a time.  Accordingly, we hold Frazier was subject to the Act.  *See Ost v. Integrated Prods. Inc.*, 296 S.C. 241, 248, 371 S.E.2d 796, 800 (1988) (holding statutory employees may be included to satisfy the jurisdictional requirement of section 42–1–360(2)); *Hernandez-Zuniga v. Tickle*, 374 S.C. 235, 246, 647 S.E.2d 691, 696 (Ct. App. 2007) (stating that if an employer has once regularly employed enough employees to come under the Act, it remains there even when the number employed temporarily falls below the minimum); *id.* (stating it is immaterial that the number working at the exact time of injury was below the minimum); *Harding*, 329 S.C. at 587 n.4, 496 S.E.2d 33 n.4 (stating that employers cannot avoid the Act simply by shifting the particular employees they hire and in deciding whether an employee is regular or casual, consideration should be given to both duration and regularity of recurrence).

We remand for further proceedings consistent with this opinion.[1]

**REVERSED AND REMANDED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We need not address Becker's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not address remaining issues on appeal when a decision in a prior issue is dispositive).