**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Darrell Leggette, Employee, Respondent,

v.

Dan Duly, d/b/a Double D Docks, and SC Uninsured Employers Fund, Defendants,

Of Whom Dan Duly, d/b/a Double D Docks, is the Appellant.

Appellate Case No. 2011-199046

———————————

Appeal From The Workers' Compensation Commission

———————————

Unpublished Opinion No. 2014-UP-165
Heard February 3, 2014 – Filed April 9, 2014

———————————

**AFFIRMED**

———————————

Darryl D. Smalls, of Darryl D. Smalls, Attorney at Law, of Columbia, for Appellant.

Andrew Wade Creech, of Elrod Pope Law Firm, of Rock Hill, for Respondent.

———————————

**PER CURIAM:** In this workers' compensation matter, Appellant Dan Duly appeals the decision of the Appellate Panel of the Workers' Compensation

Commission awarding Claimant Darrell Leggette workers' compensation benefits for an injury he sustained while working for Duly's company, Double D Docks, LLC (the Company). Duly argues the Appellate Panel erred in (1) determining the Company regularly employed four or more employees and, therefore, was subject to the South Carolina Workers' Compensation Act (Act)[1]; (2) failing to review all the relevant evidence; and (3) finding Duly committed fraud. We affirm.

## I.      Four or More Employees

On April 24, 2010, Leggette suffered an injury while repairing a dock at the request of Dan Duly, owner of the Company. Leggette and his co-worker, James Day, were using a hydraulic "thumper"[2] to replace wooden dock poles when Day accidentally dropped the "thumper" on Leggette's right hand, injuring his middle and index fingers. At issue is whether the Company regularly employed four or more employees during the time period relevant to Leggette's injury.

An employer subject to the Act is required to pay for medical care and treatment for "employees" injured "by accident[s] arising out of and in the course of employment." S.C. Code Ann. §§ 42-1-160(A), -310 (Supp. 2013). However, the Act specifically exempts certain employers "who [have] *regularly employed* in service *less than four employees* in the same business within the State." S.C. Code Ann. § 42-1-360(2) (Supp. 2013) (emphases added).

The determination of whether an employer regularly employs the requisite number of employees to be subject to the Act is a jurisdictional question. *Hernandez-Zuniga v. Tickle*, 374 S.C. 235, 244, 647 S.E.2d 691, 695 (Ct. App. 2007); *Harding v. Plumley*, 329 S.C. 580, 584, 496 S.E.2d 29, 31 (Ct. App. 1998). This court's review of a jurisdictional question is governed by the preponderance of the evidence standard. *Hernandez-Zuniga*, 374 S.C. at 242, 647 S.E.2d at 694.

Here, the preponderance of the evidence reveals that during the relevant time period, from mid-March until May 2010, the Company regularly employed four employees, who worked on various jobs and were paid weekly by Dan Duly. During this time, the Company's mode of operation reflected a project-to-project schedule where four employees were paid consistent hourly wages at the end of

---

[1] S.C. Code Ann. §§ 42-1-10 to -19-50 (1985 & Supp. 2013).
[2] A "thumper" is a type of hydraulic post-driving machine mounted on a barge that uses a weight-driven system to beat a dock pole into the ground.

each week after working on assigned projects, including projects such as the "Lee" dock, the "Jones" dock, the "Ziegler" dock, the "Colbert job," the "Noble job," and the "Lake Rhodiss job." *See Hernandez-Zuniga*, 374 S.C. at 248-51, 647 S.E.2d at 697-99 (recognizing the employer's established mode or plan of operation dictates, to a large extent, the relevant time period, and both duration and regularity of occurrence are important factors); *see also Hartzell v. Palmetto Collision, LLC*, 406 S.C. 233, 242-43, 750 S.E.2d 97, 102 (Ct. App. 2013) (applying five-factor test for regularity of employment); *Durham v. McLamb*, 296 S.E.2d 3, 7 (N.C. Ct. App. 1982) (finding the employer regularly employed four employees because, although employees "worked irregular days and hours, their employment extended over a period of some four weeks, during which they worked, not by chance or for a particular occasion, but according to a definite employment at hourly wages that were paid at the end of each week worked").

Therefore, we affirm the decision of the Appellate Panel finding Duly and the Company are subject to the Act's jurisdiction because the Company regularly employed four employees with some constancy during the relevant time period.

## II.    Failure to Review all of the Relevant Evidence

Duly also argues the Appellate Panel erred because it did not visually inspect Leggette's fingers before making its decision to award Leggette permanent partial disability.

It was unnecessary for the Commissioner to examine Leggette's partially-amputated fingers. Because the overwhelming evidence showed Leggette's two fingers were amputated at the first knuckle, the Appellate Panel's decision was supported by substantial evidence. *See* S.C. Code Ann. § 1-23-380(5) (Supp. 2013); *cf. Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981) ("[T]he award . . . can be set aside only if unsupported by 'substantial evidence.'").

## III.   Finding of Fraud

Duly argues the Appellate Panel erred in "finding" he committed fraud because there is no evidence he committed fraud. The Commissioner did not *find* Duly committed fraud. Rather, the Commissioner stated it would submit the names of Duly and the Company to the Attorney General and the Department of Revenue "for investigation of fraud and other wrongdoing." Therefore, Duly's third claim is without merit.

Accordingly, the findings and decision of Appellate Panel are

**AFFIRMED.**

**FEW, C.J., SHORT and GEATHERS, JJ., concur.**